Martinelli *v.* Mulloy, Appellant.

Argued September 12, 1972.   Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Richard L. Raymond,* with him *Schroeder, Jenkins and Raymond,* for appellant.

*Anthony A. Raffo,* for Marie Belfiglio Martinelli, appellee.

*Francis T. Sbandi,* with him *Charles F. Knapp,* and *Fronefield, deFuria and Petrikin,* for Rose Christaldi, appellee.

OPINION BY SPAULDING, J., December 11, 1972:

Appellant Sandra Fry Mulloy and Rose Christaldi were sued as defendants in an action brought by Marie Belfiglio Martinelli to recover for injuries sustained in a 1966 collision of automobiles driven by Mulloy and Christaldi.[1] Immediately after the case was called to trial in 1970 by Judge Paul R. SAND of the Court of Common Pleas of Delaware County, but prior to the selection of a jury, counsel for plaintiff Martinelli moved orally in chambers to discontinue the suit against Christaldi. He claimed that evidence obtained in discovery indicated that the negligence of appellant alone caused the injuries sued upon. After hearing a summation of deposition testimony in chambers, the trial judge granted the discontinuance against Christaldi over objections of counsel for appellant and his request for additional time in which to join the former codefendant Christaldi as an additional defendant. The jury trial, with appellant as the sole defendant, resulted in a verdict against appellant in the amount of $75,-000.[2] Appellant appeals from the denial of her motion for a new trial, contending that the granting of the discontinuance without allowing her to join the dropped party as an additional defendant was a violation of the

---

[1] Appellee Martinelli was a passenger in the vehicle driven by appellant.

[2] The instant case was tried together with an action by appellee Christaldi against appellant for injuries arising from the same collision.

Rules of Civil Procedure as well as an abuse of discretion by the trial judge.

Rule 229 of the Pennsylvania Rules of Civil Procedure provides for a discontinuance as "the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." A discontinuance may be entered as to less than all defendants, but not "without leave of court after notice to all parties." Pa. R. C. P. 229(b).[3] Decisions as to the granting of such requests for discontinuances rest in the discretion of the trial judge and can be reviewed only as to the abuse of that discretion. See *Brown v. T. W. Phillips Gas and Oil Co.*, 365 Pa. 155, 74 A. 2d 105 (1950); *Pesta v. Barron*, 185 Pa. Superior Ct. 323, 138 A. 2d 690 (1958). A discontinuance, however, may be stricken off ". . . in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa. R. C. P. 229(c).

Although the striking of the discontinuance would thus require appellant to show actual prejudice or the substantial denial of rights,[4] there is an additional factor present here which requires the granting of a new trial. When counsel for appellee Martinelli moved for a discontinuance against one of the defendants, counsel for appellant, surprised at the motion, responded: "It comes as a surprise to me that [plaintiff Martinelli wants] to discharge this Christaldi as a defendant. My

---

[3] Appellant here attacks the informal procedure in which the discontinuance was allowed. She specifically complains that the motion for discontinuance was made after "the commencement of the trial", without "notice to all parties", thus violating Rule 229. While there may be substantial merit to the claim that such a motion made after a case is called for trial is not timely, we need not resolve this issue. Cf. Goodrich-Amram Standard Pa. Practice, §229(a)-2, p. 150 (1954).

[4] See *Pesta v. Barron*, supra.

position is that if Christaldi were discharged and a verdict rendered against my client, I would seek contribution from Christaldi and, therefore, it seems to me in the interests of the Court to keep Christaldi as a defendant particularly in view of the fact that Christaldi's in the case as a plaintiff, anyway. If your Honor sees fit to permit the withdrawal of the action against Christaldi, then I would request time to join Christaldi as an additional defendant, even if it means a continuance of the case." What counsel for appellant thus sought was merely that to which she was entitled as a matter of right.[5] Rule 2252(a) of the Rules of Civil Procedure provides: "In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

In construing these rules in light of the circumstances of this case, we are mindful of their overriding purpose: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. . . ." Pa. R. C. P. 126. This thrust is particularly applicable to controversies involving rules governing third-

---

[5] Compare the original statement of Rule 2252(a), providing for joinder of additional defendants only after petitioning the court for "leave to join", with the present formulation of the rule. While the original statement of the rule barred such joinder if it would "unreasonably prejudice the additional defendant or any other party of record", Rule 2252(e), the present rule eliminates this limitation on the right of joinder.

party procedure. Procedural rules in such cases are to be construed to accomplish the purpose of "[avoiding] multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action . . . ." *Wnek v. Boyle,* 374 Pa. 27, 32, 96 A. 2d 857 (1953); *Rau v. Manko,* 341 Pa. 17, 23, 17 A. 2d 422 (1941); *Vinnacombe v. Philadelphia,* 297 Pa. 564, 147 A. 826 (1929).

Rule 2252(a) governing the joinder of additional defendants should be given a "broad interpretation", not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution. See *Snoparsky v. Baer,* 439 Pa. 140, 266 A. 2d 707 (1970).

It is true that in order to join an additional defendant the original defendant must allege facts sufficient to support his claim against that additional party,[6] *Rau v. Manko,* supra; Pa. R. C. P. 2252(b), and give notice to the party to be joined. See Pa. R. C. P. 2252 (b)-(d). The effect of the trial judge's action here, however, was to deny appellant the opportunity to so plead altogether. This is not a case in which the joining party's averments in themselves preclude the possibility of the liability of the party to be joined. Compare *Zachrel v. Universal Oil Products,* 355 Pa. 324, 49 A. 2d 704 (1946). Indeed, the collision of two automobiles is an event peculiarly susceptible to joint negligence and should clearly come under the broad purview

---

[6] There was testimony produced at a pretrial conference that the automobile driven by appellee Christaldi was being driven at an excessive rate of speed immediately prior to the collision.

of the rules allowing joinder of parties. See *Wnek v. Boyle,* supra.

That appellant's request for additional time to join Christaldi as additional defendant should have been granted as underscored by the circumstances of this case. The deposition testimony which served as the motivation for appellee Martinelli's decision to discontinue at the time the case was called to trial had been in her possession for some twenty-two months. The Rules were not intended to enable a plaintiff who has no control over litigation between the defendant and the additional defendant, to effectively prevent an adjudication of their rights. See *Rau v. Manko,* supra; *Shapiro v. Philadelphia,* 306 Pa. 216, 159 A. 29 (1932).

The possibility that the jury may reach the same verdict with two defendants on the record is not for us to conjecture or predict. The overriding concern must be to allow the defendant to protect her position by the exercise of her right to face the jury together with the party she sought to join.

The judgment of the court below is reversed, and a new trial is granted. The court below is directed to grant appellant Mulloy sixty days in which to join Rose Christaldi as an additional defendant.