**Purificato v. Guida**

*Jos. V. Pinto,* for original defendant.

*Boris Shapiro* and *Richard L. Goerwitz, Jr.,* for plaintiffs and additional defendants.

JAMISON, J., February 4, 1975.—Plaintiffs' complaint in trespass was filed on July 26, 1973. Approximately seven months later, on February 20, 1974, defendant filed "New Matter Under Pa. R.C.P. 2252(d)" by which he sought to join the adult plaintiffs as additional defendants. In preliminary objections filed almost 9½ months after defendant's new matter was filed, the adult plaintiffs objected to the tardiness of defendant's pleading. Thereupon, defendant promptly objected to the adult plaintiffs' tardy objection to his late filing, and asked that their preliminary objections be dismissed.

Pennsylvania Rule of Civil Procedure 126 allows the court to construe the Rules of Civil Procedure liberally to secure the just, speedy and inexpensive determination of every action or proceeding. Therefore, in the interest of judicial economy, defendant's new matter is here treated as though it had been asserted in an answer to the complaint, as Pa. R.C.P. 2252(d) requires.

Pennsylvania Rule of Civil Procedure 1026 requires that every pleading filed subsequent to the complaint shall be filed within 20 days after service of a preceding pleading endorsed with a notice to plead. Defendant's answer containing new matter was subject to the 20-

day time limitation. However, the adult plaintiffs did not timely object to the tardy filing of defendant's new matter. They are, therefore, held to have waived any objection to the late filing: Pa. R.C.P. 1032; McKeever v. Mercaldo, 3 D. & C. 2d 188 (1954). Defendant's prompt preliminary objections to the adult plaintiffs' preliminary objections as untimely must be sustained. Accordingly, the adult plaintiffs are joined as additional defendants.

However, in the interest of the just and speedy determination of this action, the court takes notice that defendant's new matter does not fully meet the requirements of Pa. R.C.P. 2252(d). That rule requires the party seeking to join another party as an additional defendant to "assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor." Pa. R.C.P. 2252(d) requires more than a mere recitation that the party sought to be joined is liable. The joining party must also allege facts to support the claim of liability: Martinelli v. Mulloy, 223 Pa. Superior Ct. 130, 299 A.2d 19 (1972); Jones v. Zimmerman, 12 Lebanon 29 (1967).

The interests of justice are promoted by requiring defendant to set forth the facts that form the basis of his assertion of the additional defendants' liability, even though the additional defendants failed to make proper objection to the omission.

Accordingly, the court enters the following

## ORDER

And now, February 4, 1975, defendant's preliminary objection to the additional defendants' preliminary objections is sustained. Defendant shall file an amended new matter within 20 days setting forth the grounds for joinder of the additional defendants.