Ianni *v.* Pantalone, Appellant, et al.

Argued November 20, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before Mihalich, J.

*David H. Trushel,* with him *Wayman, Irvin, Trushel & McAuley,* for appellant.

*H. Mark Mendel,* with him *Harris T. Bock, Joseph K. Bonidy,* and *Mendel and Schwartz,* and *Bonidy and Bonidy,* for appellee.

Opinion by Jacobs, J., March 29, 1976:

The instant litigation was commenced in January, 1970 when appellee Gasperina Ann Ianni instituted a suit in trespass by Writ of Summons against appellant Frank A. Pantalone, M.D. and Jeannette District Memorial Hospital. A complaint was filed on November 4, 1970, alleging that appellee-plaintiff's left shoulder was improperly operated on and treated by Dr. Pantalone and by the hospital. A $78,000.00 verdict was returned on January 31, 1973, following a jury trial, against defendant-appellant Dr. Pantalone and judgment was entered thereon following denial of post-trial motions. Appellant here contends that a new trial should be granted, based on three allegations of error below.

The first of appellant's arguments is that the trial court erred when it did not permit appellant to join Jeannette District Memorial Hospital as an additional defendant after plaintiff-appellee Ianni took a voluntary non-suit as to the hospital just after the conclusion of Judge Mihalich's opening remarks to the jury. We agree that appellant should have been allowed to join the hospital as an additional defendant and we therefore reverse and grant appellant a new trial.[1] The basis for our decision follows a brief statement of additional relevant facts.

---

1. In view of our disposition of appellant's first assignment of error, we need not reach a decision on the other allegations of error advanced.

Plaintiff-appellee's alternative theories of liability, as disclosed by her complaint and amended complaint, were that appellant was liable based on his individual negligence, that the hospital was liable based on a principal-agent relationship between it and appellant, and that the hospital was independently liable by virtue of actions of other unnamed agents, servants, workmen or employees. Appellant Pantalone's answers to appellee's complaint and amended complaint did not join the hospital as an additional defendant under the heading of new matter, as might have been done pursuant to Pa.R.C.P. 2252(d). The hospital's answers denied that appellant was its agent and denied that agents of the hospital were in any way responsible. The hospital did not join appellant as an additional defendant.

Trial of the action against the co-defendants began on January 15, 1973. Following some preliminary remarks by the trial judge, court was adjourned, then reconvened on January 16, 1973, at which time the court's opening remarks were completed. Immediately thereafter counsel for appellee moved to take a voluntary non-suit as to co-defendant Jeannette District Memorial Hospital, which motion was granted. Counsel for appellant objected. Pleading that he was surprised by appellee's motion, appellant requested that a juror be withdrawn and the case continued (on the ground that the motion should not have been made in front of the jury), or, alternatively, that the court grant leave for appellant to join the hospital as an additional defendant. Both requests were denied. Appellant argued in post-trial motions, as he does here, that the latter request should have been granted under the circumstances then existing. We agree.

Appellee contends that appellant waived any right he may have had to join the hospital by failing to effect joinder through assertion of a claim against the hospital in his answer under new matter, as provided for by Pa.R.C.P. 2252(d). This court has refused to strictly

552

interpret Rule 2252(d) under similar circumstances in *Martinelli v. Mulloy,* 223 Pa. Superior Ct. 130, 299 A.2d 19 (1972) and *Ragan v. Steen,* 229 Pa. Superior Ct. 515, 331 A.2d 724 (1974), and we decline to do so under the present circumstances.

Based on the pleadings filed in the case at bar, the potential liabilities of the parties might have encompassed liability of either or both defendants to the plaintiff and claims for contribution or indemnity as between the co-defendants, depending upon the proofs produced at trial and whether or not one of the defendants was removed from the case. Ideally, each co-defendant might have joined the other so as to protect rights of contribution or indemnity that would otherwise have to be separately asserted if the plaintiff discontinued or suffered a voluntary non-suit as to one of the parties. However, neither defendant chose to do so here.

A similar factual situation was presented in *Martinelli v. Mulloy,* supra, a motor vehicle case in which the plaintiff sued D1 and D2 and no joinder was effected between them. Plaintiff discontinued as to D2 just before the jury was selected.[2] D1 asserted that if a verdict was rendered against him, he would seek contribution from D2; he then asked for time to join D2 as an additional

---

2. The lower court distinguished *Martinelli* on the grounds that it involved discontinuance and the present case involves a voluntary non-suit. Although we are mindful of the important distinctions between those two methods of terminating a case, we do not believe that they are dispositive of the instant controversy. This is particularly apparent in view of the fact that the discontinuance was sought in *Martinelli* just *prior* to empaneling of the jury and in the case at bar the non-suit was sought just subsequent *thereto.* Had testimony been taken which absolved the hospital, we might be better able to perceive a difference in the situations. We should also note that the *Martinelli* termination may too have occurred after "commencement of trial" as it did here. *See Martinelli v. Mulloy,* 223 Pa. Superior Ct. 130, 133 n.3, 299 A.2d 19, 20 n.3 (1972).

defendant. The lower court refused D1's request. We reversed, stating that: "Rule 2252(a) governing the joinder of additional defendants should be given a 'broad interpretation', not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution. See *Snoparsky v. Baer,* 439 Pa. 140, 266 A.2d 707 (1970).

"It is true that in order to join an additional defendant the original defendant must allege facts sufficient to support his claim against that additional party [footnote omitted], . . . and give notice to the party to be joined. See Pa. R. C. P. 2252(b)-(d). The effect of the trial judge's action here, however, was to deny appellant the opportunity to so plead altogether." *Martinelli v. Mulloy,* supra at 135, 299 A.2d at 21. We also observed in *Martinelli* that " '[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. . . .' Pa. R. C. P. 126" and that "[t]his thrust is particularly applicable to controversies involving rules governing third-party procedure. Procedural rules in such cases are to be construed to accomplish the purpose of '[avoiding] multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action. . . .' " *Martinelli v. Mulloy,* supra at 134-35, 299 A.2d at 21 (citations omitted).

In *Ragan v. Steen,* supra, the factual background was more like the present case but the procedural posture was considerably dissimilar. A medical malpractice case, suit proceeded against a doctor and a hospital to the moment of verdict, which, when returned, assigned equal responsibility to each. Since the only proof of negligence at trial was that of the doctor, the hospital moved for a molding of the verdict to reflect liability over to it. The lower court

added the finding of indemnity. It was claimed on appeal that since both appellants were original defendants to the plaintiff's suit, the proper way to raise the issue of indemnity between the co-defendants was for the hospital to plead it in its answer under new matter as provided by Pa. R. C. P. 2252(d).

The issue presented in *Ragan* was thus ". . . whether the failure of the *hospital* to join *Dr. Steen,* an original defendant, as an additional defendant for the purpose of determining *indemnity,* results in the loss of appellant *hospital's* right to have that issue resolved in this suit." *Ragan v. Steen,* supra at 524, 331 A.2d at 729 (emphasis added). Relying in large part on the reasoning in *Martinelli v. Mulloy,* supra, this Court concluded that the hospital did not lose its right to have the issue resolved in that suit and held that the verdict was properly molded.

Application of the context of *Ragan* to the present situation reveals that the two cases are analogous, although factually the converse of one another. The issue at bar is whether the failure of *Dr. Pantalone* to join the *hospital,* an original defendant, as an additional defendant for the purpose of determining *contribution,* results in the loss of appellant *doctor's* right to have that issue resolved in this suit. It would be anomalous for us to here hold that the *doctor* has lost his right to have *contribution* determined by failing to join the *hospital* after having held in *Ragan* that the *hospital* had not lost its right to have *indemnity* determined by failing to join the *doctor.*

Moreover, since appellee's complaint here alleged not only the negligence of the doctor and the hospital's secondary liability therefore but also the negligence of the hospital, we are unable to conclude that the hospital would have been prejudiced by the allowance of joinder. It was on notice of the nature of the complaint against it by virtue of the plaintiff's pleading and in this particular case the appellant's allegation of the same facts under new

matter would have been merely repetitive. Although, as has been previously noted, appellant's joinder of the hospital as an additional defendant under the provisions of Pa.R.C.P. 2252 (d) would have been the better practice, we decline to hold that his failure to employ Rule 2252 (d) waived the right that the Rule was designed to facilitate.

Judgment reversed and a new trial granted.