385 A.2d 478

Barbara STARR, Plaintiff,

v.

SEWICKLEY VALLEY HOSPITAL, a corporation, Allegheny General Hospital, a corporation, Columbia Hospital, Division of Forbes Hospital System, a corporation, J. W. Maratta, James L. Baker, Laibe A. Kessler, John Doe—a more complete identification being presently unknown to Plaintiff (physician employed by Sewickley Valley Hospital and who treated Plaintiff in the hospital facility of Sewickley Valley Hospital on 7/19/73), Defendants.

Appeal of ALLEGHENY GENERAL HOSPITAL.

Superior Court of Pennsylvania.

Argued Nov. 10, 1976.

Decided April 13, 1978.

Jerome W. Kiger, Pittsburgh, with him Vincent J. Grogan, Pittsburgh, for appellant.

Bruce R. Martin and David H. Trushel, Pittsburgh, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal by a defendant from an order discontinuing the plaintiff's medical malpractice action as to a co-defendant.

The procedural history of the case, which involves a number of defendants, is complex, but as to the parties before us the significant part of the history is as follows. In the caption of her complaint the plaintiff named Allegheny General Hospital and Dr. James L. Baker among the defendants. In the body of the complaint, however, she made no allegations as to Baker. Baker therefore filed preliminary objections in the nature of a demurrer. Oral argument was scheduled, but before it was held, the plaintiff on December 5, 1975, petitioned for a rule to show cause why her action should not be discontinued as to Baker. A rule issued, returnable December 29; the lower court also imposed a stay of proceedings. Because of the stay, argument on the demurrer was not held.

On January 16, 1976, Allegheny filed an answer to the rule to show cause. On January 19 it filed supplemental new matter and a cross-claim against Baker alleging that Baker was solely or jointly liable, or liable over, to Allegheny. On January 23 Baker filed preliminary objections to the supplemental new matter and cross-claim.

On February 6, 1976, the lower court made the rule absolute and discontinued the action as to Baker. Allegheny has appealed that order.

Pa.R.C.P. 229 provides:

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

(b) A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties.

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Allegheny now claims prejudice in that the statute of limitations ran "between the time of the commencement of Starr's [the plaintiff's] action by Writ, the serving of the Writ on Appellant and the discontinuance of the action against Baker." Brief for Appellant at 10. We cannot recognize this claim, however, for in its answer to the rule to show cause why the action should not be discontinued as to Baker, Allegheny made no reference to the running of the statute. The effect of this failure is not avoided by Allegheny's statement in its brief that "[a]t oral argument, the lower court knew that the applicable statute of limitations had expired." *Id.* at 9.

The only prejudice alleged of record by Allegheny was that because of the complexity of the case, the medical specialties involved, and the fact that there had been no

depositions or interrogatories, a discontinuance as to Baker would be premature. Whether that was so was a decision within the discretion of the lower court. *Brown v. T. W. Phillips Gas and Oil Co.*, 365 Pa. 155, 74 A.2d 105 (1950), *Martinelli v. Mulloy*, 223 Pa.Super. 130, 299 A.2d 19 (1972). Nothing suggests that the lower court abused its discretion.

Furthermore, we note that Allegheny's answer to the rule to show cause why the action should not be discontinued as to Baker was not timely filed. Allegheny states in its brief that the plaintiff's counsel granted an oral extension, Brief for Appellant at 5, but there is no evidence of record to this effect. In any event Allegheny's cross-claim was filed without leave of court, in violation of Pa.R.C.P. 2253, and also in violation of the court's stay of all proceedings.[1] Under the circumstances it would not have been unreasonable for the court to disregard the possibility that Allegheny had a cross-claim against Baker. The authorities cited by Allegheny in support of liberal joinder of additional defendants—Pa.R.C.P. 2252, *Free v. Lebowitz*, 463 Pa. 387, 344 A.2d 886 (1975), *Lamoree v. Penn Central Trans. Co.*, 238 Pa.Super. 380, 357 A.2d 595 (1976)—pertain to what persons may appropriately be joined; they do not stand for the proposition that a rule such as Rule 2253, which requires the court's permission for late joinder, must be disregarded in the pursuit of liberal joinder. *Cf.* Pa.R.C.P. 126 (court "*may* disregard any error or defect of procedure *which does not affect* the substantial rights of the parties" (emphasis added)).

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

1. It is possible to read the court's December 5 order staying all proceedings as meant to last only until December 29, 1975, when the rule was made returnable, rather than until the later date when the court made its decision on the Rule. It is unlikely, however, that that is what the court had in mind.