## Gibson v. Bookman

*John A. Luchsinger,* for defendant.
*William J. Gallagher,* for additional defendant.

STIVELY, *J.,* June 6, 1980—The above captioned matter comes before the court on three sets of preliminary objections filed by additional defendant David A. Henry and defendant Nathan R. Bookman. The first are preliminary objections in the form of a motion to strike by Henry to Bookman's writ joining him as an additional defendant. The second are objections by Bookman to the preliminary objections of Henry and the third are Henry's preliminary objections to Bookman's complaint joining Henry as an additional defendant. The prior procedural history of this case is rather involved and we cite only that history which we deem relevant for disposition of the matters presently before us. See appendix A.

The accident on which plaintiffs base their cause of action occurred on July 17, 1973. A praecipe for writ of summons in trespass against defendants Henry and Bookman was filed on February 27, 1975 and a writ thereon was issued. Service was not obtained on defendant Henry until July 6, 1977 (the first time the writ was reissued as to Henry was on June 27, 1977). On July 11, 1977 defendant Bookman filed new matter under Pa.R.C.P. 2252(d) joining plaintiff Shirley Gibson as an additional de-

fendant. On September 15, 1977 defendant Henry filed answer and new matter to plaintiffs' complaint asserting that plaintiffs' claim against him was barred by the statute of limitations. Defendant Bookman on April 28, 1978 filed new matter asserting joint and/or several liability or liability over against defendant Henry. Preliminary objections in the form of a motion to strike were filed to the new matter based on violations of Pa.R.C.P. 1026 and 2253. On May 5,.1978 plaintiffs filed a motion for summary judgment requesting relief in their favor as to the statute of limitations averment raised in defendant Henry's new matter to plaintiffs' complaint. Defendant Henry filed a cross motion for summary judgment on May 10, 1978. The objections to new matter were sustained by order of the court on November 30, 1978. By opinion and order under the same date, the court granted defendant Henry's motion for summary judgment; the court therein ruled that plaintiffs' claim against defendant Henry was barred by the statute of limitations. (This order was appealed by plaintiffs to the Superior Court which affirmed that judgment on March 7, 1980.) On December 5, 1978 Bookman filed a praecipe for writ of summons joining Henry as an additional defendant and a writ was issued thereon. The sheriff's office filed a return of not found on January 8, 1979, another writ was issued on praecipe on February 23, 1979 and on March 15, 1979 service of the writ was accepted by counsel for defendant Henry. Preliminary objections to this joinder by writ were filed on behalf of Henry on October 17, 1979, preliminary objections to these objections were filed on behalf of defendant Bookman on November 5, 1979, and a complaint joining Henry as an additional defendant was filed the same day with objections to that complaint being

filed on behalf of Henry on November 26, 1979. These matters have finally come before the court for disposition thereon.

As the docket clearly indicates, this matter has traveled a procedural route which should not be further extended. We therefore rule that additional defendant Henry's preliminary objections in the nature of a motion to strike the writ and defendant Bookman's objections to those objections are hereby overruled as we find that the objections and issues which warrant discussion are raised in additional defendant Henry's objections to defendant Bookman's complaint and a ruling thereon will moot and dispose of the prior objections.

Additional defendants' objections based on the contention that defendant violated Pa. R. C. P. 2252(b) by his failure to file a complaint within 20 days from the filing of the praecipe for the writ joining is without merit. The proper remedy for noncompliance with Rule 2252(b) is for additional defendant to rule defendant to file his complaint and if said complaint is not so filed within 20 days, to move for a judgment of non pros. See Alexander v. Mastercraft Construction Co., Inc., 455 Pa. 579, 317 A. 2d 278 (1974); O'Barto v. Glossers Stores, Inc., 228 Pa. Superior Ct. 201, 324 A. 2d 474 (1974); Alberto v. Williams, 60 D. & C. 2d 270 (1973). Additional defendant Henry took no action until the filing of preliminary objections some seven months after service of the writ was accepted; he is thus not entitled to a dismissal of the complaint and the objection so grounded is overruled.

The contention that defendant Bookman violated Pa. R. C. P. 2253 for failure to join the additional defendant within 60 days after service upon the original defendant of the initial pleading of plaintiff pre-

sents a more interesting and somewhat complex issue by virtue, primarily, of the procedural history. The events which are most significant to the disposition of this issue are the filing of plaintiffs' complaint (June 27, 1977), defendant Bookman's new matter to defendant Henry (April 28, 1978), defendant Henry's motion for summary judgment (May 10, 1978), defendant Henry's preliminary objections to defendant Bookman's new matter (May 11, 1978), orders of court granting defendant Henry's motion for summary judgment and sustaining his objections to defendant Bookman's new matter; defendant Bookman's praecipe for writ joining Henry as an additional defendant (December 5, 1978), rule signed by court granting reconsideration of summary judgment order and staying all proceedings (December 15, 1978) opinion and order of court affirming the grant of defendant Henry's motion for summary judgment (January 19, 1979), second praecipe for writ by defendant Bookman to join Henry as an additional defendant (February 23, 1979), acceptance of service of writ for Henry (March 15, 1979), and complaint against additional defendant Henry (November 26, 1979). The issue as presented to the court is twofold:

(1) At what point does the 60 day period under Pa.R.C.P. 2253 begin to run on a defendant seeking to join another party who was dismissed from the suit through the grant of summary judgment; and

(2) What effect does a prior order of court sustaining a co-defendant's preliminary objections to the new matter of another defendant (which new matter sought to join that defendant as an additional defendant) have on the joining defendant's right to once again attempt joinder via writ to join?

It appears that the 60 day period under 2253 does

not commence where preliminary objections in the nature of a demurrer have been filed until those objections are disposed of by the court: Alevine v. Paul L. Smith, Inc., 44 D. & C. 2d 49 (1967). It is also clear that a defendant will be permitted to join another defendant as additional defendant where the party sought to be joined is permitted out of the case on voluntary nonsuit by the plaintiff *even though the joining defendant had not attempted* joinder during the pleading stage *by new matter* under Pa.R.C.P. 2252(d): Ianni v. Pantalone, 238 Pa. Superior Ct. 548, 361 A. 2d 772 (1976). The Ianni court, in citing and quoting Martinelli v. Mulloy, 223 Pa. Superior Ct. 130, 299 A. 2d 19 (1972), stated at 238 Pa. Superior Ct. 553, 361 A. 2d 774:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable . . . Pa.R.C.P. 126 . . . and that [t]his thrust is particularly applicable to controversies involving rules governing third party procedure. Procedural rules in such cases are to be construed to accomplish the purpose of [avoiding] multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action." (Citation omitted.)

In the case at bar, although it has been ruled that the statute of limitations bars plaintiffs' claim against defendant Henry, defendant Bookman would have a cause of action against Henry for contribution and/or indemnity which is not presently barred by the statute of limitations. Although we find no case law on point, in view of the above cited authorities, we find that the 60 days under Pa.R.C.P. 2253 did not commence in the case at bar

until, at the earliest, this court's grant of Henry's motion for summary judgment. Prior to that disposition, Bookman was not permitted to join Henry as an additional defendant via a praecipe for writ to join under Pa.R.C.P. 2252(b) and 2253. We do not find that the striking of Bookman's prior new matter precludes his joining Henry by writ at this time. Henry's preliminary objections to that new matter were sustained by order under the same date and time on which his motion for summary judgment was sustained. The reasoning on which the new matter was stricken would have no relevance to the present joinder as we find this joinder to have been timely effected. It is also within the duty and discretion of the court to insure that all possible claims arising from the same transaction be tried in one proceeding. See Martinelli v. Mulloy, supra, and Pa.R.C.P. 2232(c). As defendant Bookman would in fact have a cause of action against Henry for liability over or joint or several liability, on which action the statute of limitations would not commence until the entry of judgment against Bookman, we find that the interests of justice and judicial economy warrant the joinder.

Based on the foregoing, we enter the following

## ORDER

And now, June 6, 1980, additional defendant Henry's preliminary objections to the writ joining are overruled; defendant Bookman's preliminary objections to Henry's objections are overruled; and additional defendant Henry's preliminary objections to Bookman's complaint are overruled. Additional defendant, Henry, shall have the right to plead over within 20 days after notice of this order.

## Appendix A
### Relevant Procedural History

July 17, 1973—Plaintiffs' cause of action arose.

February 27, 1975—Praecipe for writ of summons in trespass against defendants; writ issued.

April 18, 1975—Sheriff's return indicating service on defendant Bookman; not found as to defendant Henry.

June 27, 1977—Complaint filed; praecipe to reissue writ of summons as to defendant Henry.

July 5, 1977—Appearance for defendant Bookman.

July 7, 1977—Sheriff's return indicating service on defendant Henry.

July 11, 1977—Defendant Bookman's new matter joining plaintiff Gibson as an additional defendant.

July 19, 1977—Appearance for defendant Henry.

September 15, 1977—Answer and new matter of defendant Henry to plaintiffs' complaint.

March 7, 1978—Plaintiffs' reply to defendant Henry's new matter.

April 28, 1978—Defendant Bookman's new matter to defendant Henry.

May 5, 1978—Plaintiffs' motion for summary judgment (re defendant Henry's new matter).

May 10, 1978—Defendant Henry's motion for summary judgment as to new matter, (re statute of limitations).

May 11, 1978—Defendant Henry's preliminary objections to defendant Bookman's new matter.

November 30, 1978—Court order sustaining defendant Bookman's new matter; said new matter is stricken.

Opinion and order granting defendant Henry's motion for summary judgment and denying plaintiffs' motion for summary judgment.

December 5, 1978—Defendant Bookman's praecipe for writ joining additional defendant Henry; writ issued.

December 15, 1978—Petition for reconsideration and reargument by plaintiffs re court's opinion and order on cross motions for summary judgment. (Rule returnable December 29, 1978; all proceedings meanwhile stayed.)

December 29, 1978—Notice of appeal to Superior Court filed by plaintiff.

December 29, 1978—Rule issued December 15, 1978 absolute; argument set for January 15, 1979; all proceedings meanwhile stayed.

January 3, 1979—Praecipe striking appeal to Superior Court.

January 8, 1979—Sheriff's return of not found on writ to additional defendant Henry.

January 19, 1979—Opinion and court order affirming order of November 30, 1978 denying plaintiffs' motion for summary judgment and granting defendants' motion.

February 15, 1979—Notice of appeal to Superior Court filed by plaintiff.

February 23, 1979—Praecipe for writ of summons by defendant Bookman joining defendant Henry as an additional defendant; writ issued.

March 15, 1979—Acceptance of service of writ of summons for additional defendant Henry by counsel.

October 17, 1979—Preliminary objections of additional defendant Henry to writ joining.

November 5, 1979—Defendant Bookman's preliminary objections to additional defendant Henry's preliminary objections.

November 26, 1979—Additional defendant Henry's preliminary objections to defendant Bookman's complaint joining.

332

March 7, 1980—Order of the Superior Court affirming the order of the Chester County Court of Common Pleas granting defendant Henry's motion for summary judgment and denying plaintiffs' motion.