605 A.2d 390

John FAILOR and Kathy Failor

v.

WESTEX, INC.; David McKee Corporation, Pendergast Safety Equipment Company, Lamco, Carey Machinery and Supply Company, Red Kap Industries, Star Glove and Leather Company and Star Glove Company, Inc., Steel Grip Safety Apparel Company, Inc., Husband Industries, Work Wear Corporation, Inc., Stedman Corporation, Rubin Brothers, Ronco Textile Products, Inc., Sager Corporation, Wagco and Troy Laundry,

v.

The HENLEY GROUP, INC., Pullman, Inc., Swindell Dressler Energy Supply Co., the M.W. Kellogg Co., Allied Signal, Inc., Whellabrator Technologies, Inc. and Dresser Industries, Inc.

Appeal of STEEL GRIP SAFETY APPAREL COMPANY, INC., Greffen Wheel.

Superior Court of Pennsylvania.

Argued Jan. 15, 1992.

Filed March 23, 1992.

R. Bruce Morrison, Philadelphia, for appellant.

Daniel J. Gallagher, Harrisburg, for appellee Pendergast Safety.

Terance P. Kennedy, Philadelphia, for appellees Stedman Corp., Rubin Bros. & Ronco Textile.

Kurt E. Kramer, Philadelphia, for appellee Sager Corp.

Walter L. McDonough, Philadelphia, for appellee Wagco.

Eunice Trevor, Philadelphia, for appellees Failor.

Before McEWEN, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge.

This is an appeal from the order of the Court of Common Pleas of Cumberland County entered on April 25, 1991, granting plaintiff's motion for discontinuance with respect to nine defendants [1] without prejudice to the remaining defendants to join the dismissed parties to this action, at a later date, should further discovery reveal that joinder is justified. Appellant, Steel Grip Safety Apparel Company, Inc., contends the lower court erred in dismissing the nine defendants from this product liability case because the dismissal was based on self-serving testimonial affidavits, the court had previously restricted discovery and the dismissal was prejudicial to the remaining defendants. However, finding no error in the lower court's decision, we affirm the order dismissing those nine defendants and remand this case for trial.

The record reveals that plaintiff John Failor allegedly sustained severe burn injuries when a fireball blew out of the electric arc furnace he was operating at his place of employment, Frog Switch and Manufacturing. At the time of his injuries, Failor was wearing flame resistant clothing provided to him by his employer. On May 29, 1987, plaintiffs instituted this product liability action by writ of summons. On February 24, 1988, plaintiffs deposed a representative of Westex, Inc., the alleged manufacturer of the fire resistant fabric used to make the clothing worn by John Failor. Westex identified various purchasers and distributors of their flame resistant fabric during the relevant time period. In their complaint filed on March 30, 1988, plaintiffs named Westex as a defendant. Plaintiffs also named

---

1. Those nine defendants dismissed from the suit are Pendergast Safety Equipment, Husband Industries, Work Wear Corporation, Stedman Corporation, Sager Corporation, Wago Products, Ronco Textile Products, Inc., Rubin Brothers, Inc., and Red Kap Industries.

an additional fourteen defendants, including appellant Steel Grip Safety Apparel, all of which were allegedly manufacturers and/or distributors of flame resistant clothing made from the Westex fabric and sold to Failor's employer.[2]

The defendants filed their responsive pleadings, including cross-claims against each other pursuant to Pa.R.C.P. 2252. Following some discovery, including the deposition of Frog Switch's purchasing agent, plaintiffs, on January 23, 1990, moved to dismiss those defendants which their investigation revealed neither manufactured nor distributed the fire resistant pants worn by John Failor. A hearing on plaintiffs' petition was continued pending additional discovery, and, on October 10, 1990, the lower court convened a conference to discuss outstanding discovery issues, plaintiffs' discontinuance motions and several motions for summary judgment. Following that meeting, the lower court deferred decision on the dismissal petition of plaintiffs and the motions for summary judgment, pending additional limited discovery. By order dated November 13, 1990, discovery concerning the flame resistant clothing was to proceed as follows:

1. Any party, including defendant Steel Grip, may conduct a record deposition of Frog, Switch and Manufacturing Co. on the issue of its purchase of flame resistant trousers between 1983 and 1986.

2. Said parties may seek an additional record deposition with respect to Lamco, Carey Machinery and Supply Co., and Alpenco on the issue of their purchase and sale of the type of clothing involved in plaintiff's accident.

3. Said parties may serve a request for production of documents and interrogatories directed to defendants on the issue of whether they have sold the type of clothing involved in plaintiff's accident and if so when and to whom they made the sale.

**2.** In addition to Westex and the fourteen defendants which manufactured or distributed flame resistant clothing made from Westex fabric, plaintiffs named defendant David McKee Corporation as designer, manufacturer and seller of the electric arc furnace and defendant Troy Laundry as the commercial laundry which regularly cleaned and treated the work clothes.

4. Said parties may thereafter seek a single deposition of the appropriate individual or individuals from each defendant who answers the aforementioned interrogatories and/or request for production of documents affirmatively that they did engage in the sale or distribution of the type of clothes worn by plaintiff and/or sold the type of clothes worn by plaintiff to plaintiff's employer or to any supplier dealing with plaintiff's employer.

Pursuant to the order, discovery was to be completed within ninety days. During the following ninety days, appellant did not notice, schedule or take any depositions under the terms of the November 13, 1990, discovery order.

In March of 1991, plaintiffs filed an Amended Petition to Dismiss Certain Defendants (the nine defendants listed above). The petition was based on the testimonial affidavits provided by the nine defendants which denied any connection to the flame resistance clothing worn by Failor at the time of the accident. Appellant opposed the petition arguing dismissal of the defendants based on their self-serving testimonial affidavits would violate the rule set forth in *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932). The lower court found that the *Nanty–Glo* rule was inapplicable to the facts before it and granted the petition to discontinue without prejudice to the remaining defendant to join the dismissed defendants should further discovery uncover evidence warranting joinder.

Rule 229(a) of the Pennsylvania Rules of Civil Procedure provides that discontinuance is the "exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of trial." A discontinuance may be entered as to less than all defendants, but not "without leave of court after notice to all parties." Pa. R.C.P. 229(b). However, "[t]he court ... may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P. 229(c). "Decisions as to the granting of such requests for discontinuances rest in the discretion of the trial judge and can be reviewed only as

to the abuse of that discretion." *Martinelli v. Mulloy*, 223 Pa.Super. 130, 133, 299 A.2d 19, 20 (1972), citing *Brown v. T.W. Phillips Gas and Oil Co.*, 365 Pa. 155, 74 A.2d 105 (1950) and *Pesta v. Barron*, 185 Pa.Super. 323, 138 A.2d 690 (1958); See also *Star v. Sewickley Valley Hospital*, 253 Pa.Super. 554, 385 A.2d 478 (1978).

Appellant essentially argues that the lower court abused its discretion in granting the discontinuance on three grounds. First, appellant argues the lower court was prohibited by the *Nanty–Glo* rule from dismissing the nine defendants based on their "self-serving" affidavits. Second, appellant contends the lower court prematurely dismissed the defendants because the court's limitation on discovery precluded it from obtaining sufficient information from which it could determine whether the dismissed defendants were actually part of the manufacturing or distribution chain of the flame resistant clothing used by Failor. And third, appellant alleges it was prejudiced by the discontinuances. However, we find these arguments unpersuasive.

■ First, the *Nanty–Glo* rule is inapplicable to this case. We quote with approval from the opinion below, authored by the Honorable Kevin A. Hess:

> *Nanty–Glo*, supra, and the cases which have followed provide that testimonial affidavits of the moving party or his witness, not documentary in nature, even if uncontradicted, will not afford a sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury. *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989) citing Goodrich–Amram.2d, Section 1035(b):4. The objecting defendants would argue that this rule applies equally to plaintiff's motions to discontinue. Clearly, this is not the case. At the risk of oversimplification, *Nanty–Glo* prohibits entry of judgment *favorable to the moving party* based on that party's own affidavits. Here the plaintiff proposes a resolution *favorable to its opponent.* *Nanty–Glo* recognizes the potential for duplicity where pre-trial dis-  .

position of a case depends upon affidavits offered by the moving party. This request under Rule 229, on the other hand, is one which the plaintiffs have simply agreed with certain of the defendants that there is no evidence which implicates them. The dismissal of these defendants, at this stage, has everything to commend it as it will avoid substantial additional expense to parties as to whom there is no evidence of liability.

Trial Court Opinion at p. 2.

■ Second, we turn to appellant's allegation that the discontinuances were premature because discovery was limited by the court below. This argument clearly must fail. By the time plaintiff's original Petition for Dismissal of Certain Defendants was filed on January 23, 1990, the case had been pending for approximately one year and ten months, and when the lower court entered the order limiting discovery on November 13, 1990, over two years and seven months had transpired without limitation on discovery. Resolution of the discontinuance petition was delayed on at least two occasions to permit additional discovery, and after entry of the lower court's order limiting discovery, appellants failed to notice, schedule or take any depositions. During the entire discovery period (almost three years), appellant failed to uncover any evidence directly linking the dismissed defendants to the flame resistant pants in question. In fact, appellant admits: "Again, the point is not that Steel grip has possession of any 'smoking gun' pointed at any of the dismissed defendants, but rather that dismissal based solely on the ["self-serving"] affidavit[s] was premature." Appellant's Brief, p. 16.

After three years of litigation, we find that appellant was permitted more than adequate time within which to uncover facts tying the dismissed defendants to the fire resistant pants. We will not find the trial court's decision to dismiss certain defendants to be an abuse of its discretion, especially in light of the fact that appellant may join any of the dismissed defendants should later discovered facts warrant it. *Cf.*, Pa.R.C.P. 4012; *Stenger v. Lehigh Valley Hospital,*

382 Pa.Super. 75, 554 A.2d 954 (1989) (trial court is in the best position to weigh fairly competing needs and interests of parties affected by discovery; unique character of discovery process requires that trial court have substantial latitude to fashion protective orders).

Finally, appellant, citing *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985) and *Martinelli, supra,* alleges it is prejudiced by the dismissal of those defendants against which it has filed a cross-claim. In *Dash, supra,* a crime victim sued her adjoining landowner on the grounds that the adjoining property which had not been maintained for four years, was used by the criminal to conceal his whereabouts before and after the crime. The adjoining landowner joined the perpetrator of the crime as an additional defendant, but later sought to discontinue its claim against the perpetrator. The lower court granted the defendant's petition to discontinue and denied plaintiff's request for leave to amend her complaint to include a direct claim against the perpetrator. On appeal, we affirmed the discontinuance order, but reversed the lower court's denial of plaintiff's request for leave to amend her complaint.

Instantly, the lower court expressly dismissed the defendants without prejudice to appellant's right to join the dismissed parties as additional defendants should sufficient facts be averred. Thus, the lower court did not violate the rule of *Dash, supra.* This is readily apparent when we consider the case of *Martinelli, supra.* In *Martinelli, supra,* the lower court granted plaintiff's petition to discontinue against one of two defendants and denied defendant's request to join that dismissed party as an additional defendant pursuant to Pa.R.C.P. 2252. We ruled that it was error for the lower court to deny defendant's motion to join without permitting counsel an opportunity to allege facts sufficient to support his claim against the additional defendant. *Martinelli,* 223 Pa.Super. at 136, 299 A.2d at 21–22; see also Pa.R.C.P. 2252; *Rau v. Manko,* 341 Pa. 17, 17 A.2d 422 (1941). Instantly, the lower court has expressly permitted appellant an opportunity to join the dismissed parties as

additional defendants, provided appellant is able to allege sufficient facts to support its claim. Thus, the lower court complied with *Martinelli, supra,* and we find that the lower court did not err in discontinuing the cases against those nine defendants since appellant has not averred any facts which implicate those dismissed defendants in the manufacture or distribution of the flame resistant clothing worn by John Failor.

Appellant also alleges it is unduly prejudiced by the lower court's dismissal since it will unnecessarily increase the burden and costs of discovery with respect to those nine defendants since eight of the nine are not Pennsylvania residents. However, appellant has not explained why it failed to depose any of these dismissed defendants during the almost three years this case has been pending, and we will not now penalize plaintiffs and those dismissed defendants for appellant's failure to proceed with discovery in an expeditious manner.

In sum, we affirm the order of the court below which dismissed the actions against those nine defendants. The current status of the record does not warrant continuance of those cases. However, the lower court wisely discontinued the action without prejudice to appellant to join those dismissed defendants should further discovery reveal evidence of their participation in the manufacture or distribution of the flame resistant clothing worn by John Failor at the time of his injury.

Order affirmed. Case remanded for trial.

McEWEN, J., concurs in the result.