**Rubeck v. Milroth**

C.P. of Franklin County, A.D. no. 1999-20582.

*Lewis H. Markowitz,* for plaintiffs.
*Gary Lathrop,* for defendant Milroth.
*Michael A. Sosnowski,* for defendant Fulton County Medical Center.

HERMAN, *J.,* March 14, 2001—

## INTRODUCTION

Before the court are preliminary objections filed by the defendant William L. Milroth M.D. to a complaint alleging medical malpractice in the death of plaintiffs' decedent Luther Rubeck. The defendant moves to dismiss for improper venue or in the alternative to transfer venue from Franklin to Fulton County. The defendant's second objection is a motion to strike or in the alternative for a more specific pleading. The court heard argument and has reviewed counsel's briefs and relevant authority. The matter is ready for decision.

## BACKGROUND

According to the complaint, plaintiffs' decedent, Luther Rubeck, was admitted by Dr. Milroth to the Fulton County Medical Center on November 10, 1997. Dr. Milroth treated Mr. Rubeck for an ulceration to his left lower extremity brought on by diabetes. Mr. Rubeck was discharged from the Center on November 18, 1997 and was seen by Dr. Milroth at his office thereafter. Mr. Rubeck was admitted to the Chambersburg Hospital on

January 5, 1998 where he underwent surgery to amputate his gangrenous lower left extremity. Mr. Rubeck subsequently died on September 25, 1998. The complaint alleges Dr. Milroth was never able to successfully control Mr. Rubeck's diabetes despite being his physician for approximately 3 1/2 years before the incidents set forth in the complaint.

The plaintiffs' original writ of summons and complaint named the Fulton County Medical Center as a co-defendant and the Center filed its own preliminary objections. Sometime after both defendants' preliminary objections were listed for argument, plaintiffs' counsel indicated to both defendants his desire to discontinue the action as against the Center. Dr. Milroth did not concur with removing the Center from the case and indicated his nonconcurrence informally to plaintiffs' counsel. Counsel for the Center did not appear at oral argument and counsel for Dr. Milroth did not present to the court any grounds for his nonconcurrence.

Pa.R.C.P. 229(b) states: "A discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties." The court has broad discretion in determining whether a remaining defendant will be prejudiced by a partial discontinuance. *Failor v. Westex Inc.,* 413 Pa. Super. 343, 605 A.2d 390 (1992). Dr. Milroth did not formally object to a partial discontinuance, nor did he pursue his objection at oral argument. He made no showing that a partial discontinuance would cause him prejudice. Therefore, this action as against the Center will be discontinued and the caption changed to leave Dr. Milroth as the sole defendant.

## DISCUSSION

### *Venue*

Dr. Milroth argues venue should be transferred to Fulton County pursuant to Pa.R.C.P. 1006(a) which provides: "Except as otherwise provided in subdivision (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or any other county authorized by law."

The record indicates Dr. Milroth was served with the writ of summons at his office at 318 North First Street, McConnellsburg, Fulton County. According to Dr. Milroth's affidavit, all treatment he rendered to Mr. Rubeck was rendered either at his office in McConnellsburg, or at the Fulton County Medical Center.[1] The affidavit also states that he is a solo practitioner with his principal place of business in McConnellsburg, that the cause of action arose in Fulton County and that no transaction or occurrence out of which the cause of action arose took place in Franklin County. The affidavit also states: "At the time of the events alleged in the complaint and thereafter, I have . . . resided in Fulton County and not in Franklin County, PA." Nothing in the complaint indicates the cause of action arose in Franklin County or that a transaction or occurrence underlying

---

1. Dr. Milroth's affidavit dated March 3, 2000 appears in the record as exhibit B attached to his preliminary objections filed May 22, 2000.

the cause of action took place in Franklin County. There is also nothing in the record to indicate Dr. Milroth can be served in Franklin County.

The plaintiffs respond to the motion by focusing on the principle of forum non conveniens as set out in subsection (d)(1) of Rule 1006: "For the convenience of parties and witnesses, the court upon petition of any party, may transfer an action to the appropriate court of any other county where the action could originally have been brought." Citing *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997), the plaintiffs urge that the court should give deference to a plaintiff's choice of forum, with the defendant having a heavy burden of showing by reference to detailed information on the record that the plaintiff's choice is not merely inconvenient to him but is oppressive or vexatious. Under *Cheeseman* and its progeny, claims by a defendant that no significant aspect of a case involves the chosen forum and that litigating in another forum would be more convenient, is not the type of record evidence which proves that litigating the case in the chosen forum is oppressive or vexatious. *Id.; Hoose v. Jefferson Home Health Care Inc.,* 754 A.2d 1 (Pa. Super. 2000).

One of the plaintiffs, David W. Rubeck, a co-executor of Luther Rubeck's estate, lives in Franklin County.[2] The decedent received treatment in Franklin County from other physicians while he was a patient at Chambers-

---

2. Plaintiffs' counsel represented at oral argument that the other plaintiff and co-executor, Larry E. Rubeck, also lives in Franklin County, though we cannot consider this fact insofar as it appears only in plaintiffs' brief and not in the record.

burg Hospital in January of 1998. This, the plaintiffs contend, is sufficient to make Franklin County the more convenient forum for them, and Dr. Milroth, they contend, has not carried his burden of showing the choice of Franklin County would be oppressive or vexatious to Dr. Milroth, potential witnesses, or other sources of proof. For example, there is no indication as to where the nurses who participated in the decedent's care live, or that it would be a hardship for them to come here to participate in the case. It was the defendant's burden to detail evidence on the record, such as through affidavits, of any undue hardship. *Hoose; Johnson v. Henkels & McCoy,* 707 A.2d 237 (Pa. Super. 1997).

Although we do not dispute the plaintiffs' reading of these cases, we agree with Dr. Milroth that the plaintiffs' reliance on *Cheeseman* and its interpretive cases is a distraction from the real issue: that this action could not have been filed in Franklin County to begin with under subsection (a). Those cases instead focus on forum non conveniens under subsection (d)(1) and whether the trial court, in granting the motion to transfer, gave undue weight to the docket backlog in the county where the action was initially filed.

There are three grounds on which to challenge venue, but only improper venue may be raised by preliminary objection. Forum non conveniens and the inability to hold a fair and impartial trial must be raised by petition. Pa.R.C.P. 1006(e); comments to Pa.R.C.P. 1028. Unlike the defendants in *Hoose* and *Johnson,* Dr. Milroth did not object to Franklin County on grounds of forum non conveniens, nor did he cite subsection (d)(1). If that had been his position, he would have been required to file a

petition rather than preliminary objections in order to allow the court to take evidence on the various factors which must be weighed before the court can order transfer. *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989).[3] A forum non conveniens weighing analysis is triggered only where both forums are equally technically correct or competent in the first instance. *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990).

The record is devoid of any indication that (1) the cause of action arose in Franklin County, (2) a transaction or occurrence took place in Franklin County out of which the cause of action arose, or (3) Dr. Milroth can be served in Franklin County. On the contrary, it is clear from the record that all treatment rendered to the decedent by Dr. Milroth, which is at the heart of this negligence action, was rendered in Fulton County by a defendant whose practice is principally located in Fulton County, who lived in Fulton County during the events at issue and who continues to live in Fulton County. Under these circumstances, Fulton not Franklin County is the proper venue for this action, and the question of plaintiffs' choice and convenience does not come into play.

### Motion To Strike

The other preliminary objection is a motion to strike or alternatively for a more specific pleading. Dr. Milroth

---

3. Those factors include the relative ease of access to sources of proof and the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and the wisdom of imposing jury duty upon people of a community which has no relation to the litigation. *Id.*

asserts that paragraphs 14 A, B, C, H, I, J, K, L, M, N, O and P are vague and conclusory under *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). We agree.

Rule 1019(a) requires that the material facts on which a cause of action or defense is based should be stated in a concise and summary form. *Burnside v. Abbott Laboratories,* 351 Pa. Super. 264, 505 A.2d 973 (1985). A party is not required to plead evidence. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). Whether an averment is specific enough to allow a defendant to prepare his defense should be decided based on a review of the pleading as a whole. The court has broad discretion in determining whether the pleading is sufficiently specific in that regard. *Id.*

The paragraphs at issue allege Dr. Milroth was negligent:

"(A) By failing to properly diagnose the nature of plaintiffs' decedent's problem or the seriousness thereof and act according to reasonable standards.

"(B) By failing to accurately record the symptoms expressed by the patient and his family.

"(C) By ignoring the symptoms experienced by plaintiffs' decedent or by overlooking such symptoms.

"(H) By failing to extend proper and reasonable services.

"(I) By failing to exercise reasonable care and diligence in the application of knowledge and skill to plaintiffs' decedent.

"(J) By failing to use best judgment in the treatment and care of patients such as plaintiffs' decedent.

"(K) By holding out expertise, which induced plaintiffs' decedent and his family to believe that adequate and proper care would be provided when, in fact, adequate, proper and reasonable care was not available or was not provided.

"(L) By failing to meet recognized standards of good practice in the profession of treatment of individuals such as plaintiffs' decedent.

"(M) By failing to adhere to accepted procedures of administering treatment to individuals [such] as plaintiffs' decedent.

"(N) By failing to possess a degree of professional learning, skill and ability which others similarly situated ordinarily possess.

"(O) By failing to exercise reasonable care and diligence in the application of his knowledge and skill to the patient's case.

"(P) By failing to use his best judgment in the treatment and care of his patient."

Even when read in the entire context of the complaint, these averments do not provide sufficient facts as to what Dr. Milroth allegedly did or did not do and when with regard to treating Mr. Rubeck. These averments do not refer, even briefly, to the particular treatments rendered between November 10 and 18, 1997 and between November 18, 1997 and January 5, 1998 when Mr. Rubeck entered Chambersburg Hospital. In addition, although the complaint alleges Dr. Milroth treated Mr. Rubeck for more than 3 1/2 years before the incident in question "without ever successfully getting the diabetes under control," the complaint sets forth no details whatsoever

about the nature and extent of that treatment. Although the plaintiffs are not required to plead evidence, these allegations can certainly be drafted with greater factual specificity so as to allow Dr. Milroth to adequately prepare his defense.

## ORDER

Now March 14, 2001, the preliminary objection of the defendant Dr. William L. Milroth M.D. to the plaintiffs' choice of venue in Franklin County and his motion for change of venue to Fulton County is hereby sustained. The costs and fees for transfer and removal of the record shall be paid by the plaintiffs in accordance with Pa.R.C.P. 1006(e). The preliminary objection in the nature of a motion to strike or in the alternative for a mere specific pleading is sustained. The plaintiffs will file an amended complaint within 20 days of receipt of this order.

It is further ordered that the preliminary objection in the nature of a demurrer filed by defendant Fulton County Medical Center is sustained.

It is further ordered that this action is discontinued as against defendant Fulton County Medical Center and the caption of the case changed to "David W. Rubeck and Larry E. Rubeck, co-executors of the estate of Luther Rubeck, deceased, plaintiffs v. William L. Milroth M.D., defendant."