396 A.2d 677

PIKE COUNTY HOTELS CORP., a corporation and Louis Stulberg, President and Trustee ad litem for International Ladies Garment Workers' Union, an Unincorporated Association, Appellants,

v.

Murrell R. KIEFER, Elmer J. Kiefer and William A. Rake, co-partners, trading as Rinker, Kiefer and Rake, and Edinger Construction Co., a corporation, and Stroudsburg Gas Co., a corporation and Par-Gas, Inc., a corporation, and H. C. Archibald Co., a corporation, and H. N. Crowder Jr. Co., a corporation, Defendants,

v.

MARVIN'S REFRIGERATION, INC., Robert Marvin, Individually and trading as Marvin's Refrigeration, and Lester B. Marsh, Individually and trading as Marshall's Creek Insulation Co., and Insto-Gas Corporation, Additional Defendants.

Superior Court of Pennsylvania.

Argued June 17, 1977.

Decided Dec. 29, 1978.

128

James M. Marsh, Philadelphia, for appellants.

Gary S. Figore, Easton, for appellees, Kiefer, Kiefer, and Rake, t/a Rinker, Kiefer and Rake.

William S. Hudders, Allentown, for appellee, H. N. Crowder Jr. Co., a corporation.

No appearance entered nor briefs submitted for remaining appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This is an appeal from the order of the lower court sustaining the demurrers of appellees Rinker, Kiefer and Rake (hereinafter Rinker) and H. N. Crowder, Jr. Co. (hereinafter Crowder) to those paragraphs of appellants' com-

plaint wherein appellants sought to impose liability on appellees. For the reasons developed below, we affirm in part and reverse in part.

Cutting through the confusion which stems from the multiplicity of parties and pleadings, the following relevant facts appear of record. On February 28, 1969, a fire destroyed the Administration and Dining Hall Building at "Unity Hall," the I.L.G.W.U.'s vacation facility in Pike County. At the time of the fire, extensive remodeling was being performed in the kitchen of the building. By complaint filed in November, 1972, plaintiffs-appellants commenced action against six defendants connected with the remodeling project. Rinker was the architect in charge of designing and supervising construction of the alterations; Crowder was engaged as electrical contractor in charge of all electrical work. Preliminary objections filed to this complaint were sustained, and appellants were directed to file an amended complaint, which they did. Preliminary objections filed to appellants' first amended complaint were also sustained. Thereafter, on February 26, 1975, appellants filed their third pleading entitled "Further Amendments to Counts I and VI of Plaintiffs' Amended Complaint in Trespass." Appellants averred, *inter alia* :

## "FIRST COUNT

.    .    .    .    .

"13. Rinker, pursuant to a written contract with plaintiff Pike, dated October 14, 1968, a copy of which is attached to plaintiffs' Amended Complaint as Exhibit "A", undertook to design and supervise construction of additions, alterations and renovations of the Administration and Dining Hall Building at Unity House.

"14. Said additions, alterations and renovations were being made when the Administration and Dining Hall Building was destroyed by fire as set forth in plaintiffs' Amended Complaint.

"15. Paragraph 3.4.3 of Rinker's contract with Pike provided:

'(The Architect) will make *periodic visits* to the site to familiarize himself generally with the progress and quality of the work and to determine in general if the work is proceeding in accordance with the Contract Documents. He will be *required* to *make on-site inspections* to check the *quality* or *quantity* of the work and he will be *responsible for the Contractors' failure to carry out the construction work in accordance with the Contract Documents* with respect to all work installed, or to be installed in connection with the project. During such visits and on the basis of his observations while at the site, he will keep the Owner informed of the progress of the work, will endeavor to *guard the Owner against defects and deficiencies in the work of Contractors . . .*' (emphasis in original).

"16. Rinker carelessly and negligently failed on February 28, 1969, and at other times:

(a) to supervise the construction work to assure conformity to contract documents and to guard against defects and deficiencies in the work;

(b) to make periodic visits and/or adequate and frequent on-site inspections to check the work of contractors and to guard plaintiffs against defects and deficiencies as it had contracted and undertaken to do;

(c) to discover defects and deficiencies in the work of the contractors and to correct or warn plaintiff of said defects and deficiencies;

(d) to supply or cause to be supplied a watchman or watchmen to guard the construction site and to detect problems at the site;

(e) to require that salamanders used by the contractor be vented to the exterior of the building;

(f) to inspect the gas tanks, lines, connections, piping and valves which were placed or installed by contractors and suppliers in the course of the construction work;

(g) to properly police the gas tanks, piping, lines, connections and valves on plaintiffs' premises thereby allowing gas therein to escape and to become ignited and to spread and cause fire to the plaintiffs' building;

(h) to require salamanders, piping, lines, valves and connections to be in such condition that no gas was permitted to escape and to become ignited, said failure resulting in serious damage to plaintiffs' building;

(i) to require the contractor or sub-contractors working on the premises to comply with applicable statutes and the rules and regulations of the National Board of Fire Underwriters and the National Fire Protection Association, as more fully appears in paragraphs 22(p) and 33 of plaintiffs' Amended Complaint, which are incorporated by reference as though fully set forth herein.

"17. Rinker carelessly and negligently permitted the sprinkler systems in plaintiffs' building to be shut off despite the presence, in the building, of open-flame heaters and other fire hazards which it permitted on the premises.

"18. As a result of the above-described negligence of defendant Rinker, the Administration and Dining Hall Building at Unity House was destroyed by fire on February 28, 1969, and the plaintiffs sustained damage and loss. . . ."

## "SIXTH COUNT

"40. 'Crowder', on or about September 30, 1968, as the electrical contractor engaged for electric work in connection with renovations at the Administration and Dining Hall Building at Unity House undertook to furnish labor and materials and perform electrical work for alterations and additions to the kitchen at Unity House, as shown on Drawings A1–P and A2–P dated August 14, 1968, revised September 30, 1968.

"41. Crowder failed to perform its work as set forth above in a careful workmanlike manner and was careless and negligent in:

(a) failing to perform the electrical work shown in drawings A1–P and A2–P (dated August 14, 1968, and

revised September 30, 1968) in a careful, workmanlike manner;

(b) failing to shut off electrical circuits upon leaving the work area at Unity House on February 28, 1969;

(c) furnishing dangerous and defective temporary lighting for the kitchen area during construction at Unity House;

(d) failing to secure its materials and equipment at the Unity House site so as to make them unaccessible to unauthorized persons;

(e) storing flammable equipment and material at the site without due regard for the hot work being conducted there or the possibility of ignition of said materials;

(f) conducting dangerous, hot work without proper security or protective measures and without due regard for flammable materials located in the area of said work;

(g) performing dangerous, hot work without providing fire detection and/or fire extinguishing devices;

(h) failing to provide fire prevention, detection or extinguishing devices in the area of its work at the Unity House facility;

(i) leaving various wires, circuits and electrical equipment exposed and accessible to unauthorized persons;

(j) failing to disconnect electrical systems during construction work;

(k) failing to assure that unauthorized persons did not gain access to the temporary electrical systems at the Unity House facility; and

(l) performing dangerous electrical work in the presence of flammable materials without precautions for protection of the property of others.

"42. As a result of the above negligence of Crowder, the Administration and Dining Hall Building at Unity House was destroyed by fire on February 28, 1969, and plaintiffs sustained a loss of property. . . ."

(Printed Record at 55a–60a)

Rinker and Crowder thereupon filed their third set of preliminary objections. Rinker's objections were in the nature of a motion for a more specific pleading with respect to subparagraphs (a), (b), (c), and (g) of Paragraph 16 of Appellants' complaint and a motion to strike off the amendment to Count I. Crowder's objections were in the nature of a motion for a more specific pleading, a motion to strike off the amendment to Count VI and a demurrer.

On October 24, 1975, the lower court granted Rinker's and Crowder's motions for a more specific complaint, stating that subparagraphs (a), (b), (c) and (g) of Paragraph 16 against Rinker and subparagraphs (a), (c), (d), (e), (f), (i), (j), (k), (l) and part of (g) of Paragraph 41 against Crowder were insufficient. Appellants were given a period of twenty days within which to file amendments to Counts I and VI. Although the preliminary objections were denied in all other respects, the lower court put appellants on notice that a demurrer was still a future possibility.

Since amendments to Counts I and VI were not forthcoming, the lower court was presented with Rinker's and Crowder's fourth set of preliminary objections. This appeal followed the lower court's order of November 30, 1976, sustaining the demurrers of Rinker and Crowder and considering waived all portions of appellants' complaint which had not been amended in accordance with the court's order of October 24, 1975.

The principles to be applied when ruling upon a demurrer are well-established. "A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading." *Duffee v. Judson*, 251 Pa.Super. 406, 409, 380 A.2d 843, 844–45 (1977). It does not, however, admit the pleader's averments or conclusions of law. *Hoffman v. Misericordia Hospital of Pennsylvania*, 439 Pa. 501, 267 A.2d 867 (1970). Moreover, "[t]o sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recov-

ery by the plaintiff." *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 291, 259 A.2d 443, 449 (1969). *See also International Union of Operating Engineers v. Linesville Construction Co.,* 457 Pa. 220, 322 A.2d 353 (1974); *Dana Perfumes Corp. v. The Greater Wilkes-Barre Industrial Fund, Inc.,* 248 Pa.Super. 295, 375 A.2d 105 (1977). With these principles firmly in mind, we proceed to the matter at hand.

Appellants submit that their complaint adequately sets forth a cause of action against both Rinker and Crowder. The lower court ruled otherwise, and after careful consideration of the record, we are constrained to agree, at least with respect to appellee Crowder.

■■■ Pennsylvania Rule of Civil Procedure 1019(a) requires that "[t]he material facts on which a . . . defense is based shall be stated in concise and summary form." It may be granted that "the lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement. Goodrich-Amram § 1019(2)–10&11." *United Refrigerator Co. v. Applebaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963). Nevertheless, "[a]s a minimum, a pleader must set forth concisely the facts upon which his cause of action is based." *Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 162, 301 A.2d 684, 688 (1973). And, "in the context of a negligence action, it is fundamental that the plaintiffs establish the *duty* owed by [the defendants], the breach of which might give rise to injuries alleged to be suffered by the plaintiffs." *Otto v. American Mutual Insurance Co.,* 241 Pa.Super. 423, 429, 361 A.2d 815, 818–19 (1976) (emphasis in original). *See also Boyce v. U. S. Steel Corp.,* 446 Pa. 226, 285 A.2d 459 (1971). The question of whether or not appellants have sufficiently pleaded the existence of a duty owed by Crowder and Rinker is at the heart of the instant appeal.

■■ We agree with the lower court that appellants have failed to aver any material facts upon which to predicate a

duty running between them and Crowder. Rather, appellants have simply alleged that Crowder was negligent in failing to shut off electrical circuits and in failing to provide fire detection and/or extinguishing devices.[1] These allegations of negligence are incomplete, however, without any correlative factual averments as to a duty owed by Crowder. And, appellants' contentions to the contrary notwithstanding, we cannot infer such duty from the nature of the work Crowder was employed to perform. Because of the above-described deficiency in appellant's complaint, the demurrer must be sustained insofar as it relates to Crowder.

■ ■ With respect to Rinker, however, we must disagree with the lower court. A comparison of the allegations remaining against Rinker with those remaining against Crowder reveals that the former do not suffer from the same shortcoming as do the latter. After considering appellants' complaint as a whole, we find that appellants have sufficiently, although not necessarily artfully, pleaded a duty owed by Rinker upon which the allegations of negligence can be based. We cannot require appellants to plead purely evidentiary matters or matters which are the proper subject of discovery; to hold otherwise would be to emasculate Rule 1019(a). While the law provides no magic formula by which the sufficiency of a plaintiff's complaint can be ascertained, the law *is* clear that a demurrer can only be sustained in a case free from doubt. *See e. g., Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970). In other words, any doubt should be resolved in favor of refusing to enter a demurrer. Because we cannot state with certainty that the law will not permit appellants to recover on the basis of their allegations against Rinker, we will reverse the lower court's order sustaining Rinker's demurrer and remand the case for further proceedings consistent herewith.

1. Appellants do not contend that the lower court erred in deeming waived all portions of their complaint which were not amended in accordance with the court's order of October 24, 1975. Therefore, we can only consider subparagraphs (b), (g) and (h) of Paragraph 41 at this time.

Affirmed in part and reversed and remanded in part for further proceedings consistent herewith.

SPAETH, J., files a concurring and dissenting opinion, in which PRICE, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I agree with the majority's conclusion that the first count of the amended complaint sufficiently pleads that Rinker owed a duty to appellants. Although the majority does not give its reason for this conclusion, I assume that it relies on paragraph 15 of the complaint, which pleads Rinker's contract with Pike.

I disagree with the majority's conclusion that the sixth count of the amended complaint does not plead that Crowder owed a duty to appellants. The majority simply says, without explanation, that no duty is pleaded. However, I believe that paragraph 40 of the amended complaint does plead a duty—and does so as clearly as paragraph 15 does with respect to Rinker. If an electrician undertakes to do electrical work in my kitchen, which is what paragraph 40 alleges, I think he owes me a duty of care. *See generally Blanchard v. Wilt,* 403 Pa. 380, 169 A.2d 541 (1961) (negligent plumber); *City Product Corp. v. Bennet Bros.,* 390 Pa. 398, 135 A.2d 924 (1957) (workers using acetylene torches); *Rubinstein v. J.E. Kunkle Co.,* 244 Pa.Super. 474, 368 A.2d 819 (1976) (negligent furnace installers). If he violates that duty by leaving hot wires exposed, or by failing to turn off the circuits, with the result that my house burns down, which is what paragraph 41 alleges, he should pay me damages.[1] Thus, in my opinion, appellant pleaded enough

1. The majority confines its review to subparagraphs (b), (g) and (h) of paragraph 41. In testing a demurrer, we should consider the entire complaint. Even if review is limited to subparagraphs (b), (g) and (h), however, these sufficiently allege a duty on the part of Crowder.

facts to give rise to the legal conclusion that appellees owed appellants a duty, which they violated. That is all a pleader is supposed to do.

Accordingly, I should reverse the order of the lower court in its entirety.

PRICE, J., joins in this opinion.