## Estep v. Merritt

*David F. White,* for plaintiff.
*Enid W. Harris,* for defendant.

WALSH, *P.J.,* April 11, 1990 — This matter is a civil action at law and in equity brought by plaintiff Lisa Blender Estep against Floyd Merritt Jr., an uninsured motorist with whom Ms. Estep was involved in an automobile accident, and USAA Casualty Insurance Co., a company with whom the plaintiff was a policyholder at the time of the December 1987 accident. Count I of the complaint

filed by Ms. Estep alleges a cause of action in negligence against Mr. Merritt, and the remaining two counts, lodged solely against defendant insurance company, are equitable in nature; the relief sought is a reformation of the insurance contract to give plaintiff a greatly increased amount of uninsured motorist coverage. USAA has filed several preliminary objections to the complaint, among them a demurrer and a motion to dismiss. Prior to embarking on a discussion of the merits of these objections, we shall set forth in brief detail plaintiff's insurance policy and several key provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law,[1] both of which are central to this dispute.

According to Ms. Estep, she secured a policy of automobile insurance from USAA which afforded her uninsured motorist coverage of $25,000 and general liability coverage in the amount of $50,000. She has set forth the position that her present coverage is insufficient and she hopes through the above-captioned action to compel this court to increase the amount of available uninsured motorist benefits to $100,000 or in the alternative, $50,000. The figure of $100,000 is derived from sections 1791 and 1792 of the MVFRL, which she claims specifically entitle her to this amount of benefits; in relevant part they provide:

"§ 1791. *Notice of available benefits and limits —*

"It shall be presumed that the insured has been advised of the benefits and limits available under this chapter provided the following notice in bold print of at least 10-point type is given to the applicant at the time of application for original coverage or at the time of the first renewal after October 1, 1984, and no other notice or rejection shall be required:

1. 75 Pa.C.S. §1701 et seq.

## " 'Important Notice' "

" 'Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle: . . .

" '(6) Uninsured, underinsured and bodily injury coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

" 'Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

" 'Your signature on this notice or your payment of any renewal premium evidences your knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.'

"§ 1792. *Availability of uninsured, underinsured, bodily injury liability and property damage coverages —*

"Except for policies issued under Subchapter D (relating to Assigned Risk Plan), an insurer issuing a policy of bodily injury liability coverage pursuant to this chapter shall make available for purchase higher limits of uninsured, underinsured and bodily injury liability coverages up to at least $100,000

because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages. Additionally, an insurer shall make available for purchase at least $5,000 because of damage to property of others in any one accident. However, the exclusion of availability relating to the Assigned Risk Plan shall not apply to damage to property of others in any one accident."

USAA, plaintiff has alleged in her complaint, neglected to inform her of the available amount of uninsured motorist benefits although she as an insured was required to be so informed. Ms. Estep has interpreted the above statutes to mean that USAA is now obligated, because of its error in not telling her of the available coverage, to provide uninsured motorist benefits in the amount of $100,000.

In the alternative, Ms. Estep claims that under section 1734 of the MVFRL, she is entitled to coverage of $50,000, a figure which also represents a substantial increase from her already existing benefits. Set forth below in its entirety, plaintiff claims this statute bears directly on the matter at issue because it concerns the method by which a party may select the amount of uninsured motorist coverage in his or her policy.

"§1734. *Request for lower or higher limits of coverage* —

"A named insured may request in writing the issuance of coverages under section 1731 (relating to scope and amount of coverage) in amounts less than the limits of liability for bodily injury but in no event less than the amounts required by this chapter for bodily injury. If the named insured has selected uninsured and underinsured motorist cov-

erage in connection with a policy previously issued to him by the same insurer under section 1731, the coverages offered need not be provided in excess of the limits of liability previously issued for uninsured and underinsured motorist coverage unless the named insured requests in writing higher limits of liability for those coverages."

Because Ms. Estep alleges that she never requested in writing uninsured motorist coverage with a limit substantially lower than the liability coverage contained in her insurance policy, she seeks to have her relatively low level of coverage raised via a contract reformation.

We turn now to the preliminary objections filed by USAA, the first of which is a motion to dismiss based upon an alleged misjoinder of the negligence cause of action against Mr. Merritt and the equitable cause of action against the defendant insurance company. While plaintiff has raised several arguments in opposition, maintaining that the joinder of the claims and the parties is indeed proper, she has indicated that she would voluntarily accommodate the moving party and sever the actions against Mr. Merritt and USAA; in light of the parties' agreement on this issue[2] we shall order the actions to be severed.

The remaining two objections, which are in the nature of a demurrer, present USAA's contention that Ms. Estep was given notice of the benefits available to her at the time she selected her insurance policy; further, these objections challenge plaintiff's interpretation of the relevant sections of the MVFRL as well as expound upon USAA's own legal theories regarding those statutes and the bearing they might

2. Because Mr. Merritt failed to comply with Lackawanna County R.C.P. 1028, he is deemed not to contest the issue of severance or any other issues raised in the preliminary objections filed by USAA.

have on the limits of uninsured motorist coverage. The moving party claims, for the reasons cited above, that Ms. Estep has failed to state a valid cause of action against it, yet after reviewing these contentions in conjunction with the controlling principles of law, we have found that they will not bear nearly the weight of reliance which USAA places upon them, with the result that the remaining preliminary objections must be denied.

For the purposes of a demurrer, the moving party admits every well-pleaded material fact set forth in the complaint as well as all reasonable inferences arising therefrom, but not conclusions of law. *Bartanus v. Lis,* 332 Pa. Super. 48, 480 A.2d 1178 (1984). Where it appears with certainty that upon the facts averred the law will not permit recovery by plaintiff, a demurrer shall be sustained. *Delturco v. Peoples Home Savings Association,* 329 Pa. Super. 258, 478 A.2d 456 (1984). Conversely, if the facts as pleaded state a claim for which relief may be granted under any theory of law, then there is sufficient doubt to reject a preliminary objection in the nature of a demurrer. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978).

We have examined the facts surrounding the dispute as pleaded in the complaint as well as previous court actions which directly concern contested levels of uninsured motorist coverage, and have concluded plaintiff may be entitled to the relief she seeks if it is ultimately established, as it has been thus far claimed, that Ms. Estep did not intentionally relinquish a higher level of uninsured motorist coverage and in fact was not afforded the opportunity to reject such coverage because none

was offered.[3] Whether or not plaintiff's claims will be proven is at this stage in the proceedings an unresolved issue, although the complaint itself is certainly sufficient to escape the demurrer. The arguments contained in USAA's objections do not persuade us that Ms. Estep has failed to state a valid cause of action, and in fact merely restate the standing dispute from that defendant's viewpoint. The preliminary objections in the nature of a demurrer, having no merit, shall be denied.

## ORDER

Now, April 11, 1990, for the reasons stated in the foregoing opinion, it is hereby ordered and decreed that the first preliminary objection is granted, and the above-captioned action against both defendants is dismissed; plaintiff must proceed separately against the two named defendants and may refile the actions accordingly. It is further ordered that the remaining two preliminary objections are denied.

---

3. See *Johnson v. Concord Mutual Insurance Company,* 450 Pa. 614, 300 A.2d 61 (1973); *Hepler v. Liberty Mutual Fire Insurance Company,* 3 D.&C. 4th 419 (1989); *Prudential Property & Casualty Company v. Pendleton,* 858 F.2d 930 (3d Cir. 1988).