## Hosler v. Reich

*Jonathan E. Butterfield,* for defendant Reich.
*Michael D. Rentschler,* for defendant Bickhart.
*Robert L. Walsh,* for plaintiff.

WOELFEL, *J.,* October 13, 1992—The plaintiffs have brought a negligence action against Charles Brian Reich and Kevin Bickhart, as well as a claim for negligent entrustment against Mary Kay Bickhart, arising from a motor vehicle accident. Defendants Kevin and May Kay Bickhart have filed preliminary objections to the complaint. Specifically, the Bickharts have filed a motion to strike paragraphs 13, 24(c) and 24(d) and have demurred to the complaint against Kevin Bickhart and the negligent entrustment claim against Mary Kay Bickhart.

In their brief, defendants have stated the issues as follows: Whether paragraphs 13(h) and 24(c) and (d) of plaintiffs' complaint should be stricken, and whether the

plaintiffs have set forth facts sufficient to state a cause of action for negligent entrustment? Notably absent from defendants' brief is argument in support of Kevin Bickhart's demurrer to the complaint. Insofar as no argument is contained in the brief in support of this issue, the issue is deemed waived. *Trustees of First Presbyterian Church of Pittsburgh v. Oliver-Tyrone Corp.,* 248 Pa. Super. 470, 470 n.1, 375 A.2d 193, 194 n.1 (1977).

The theory of negligent entrustment, while accepted in Pennsylvania, appears to be confined to specific and narrow fact situations. Negligent entrustment was recognized by our Supreme Court in *Gibson v. Bruner,* 406 Pa. 315, 178 A.2d 145 (1961). In *Gibson,* the driver had been instructed to drive his father's car home and had not been drinking at the time. The driver went elsewhere, engaged in drinking and eventually was involved in a motor vehicle accident. The Supreme Court determined that the evidence was insufficient to establish liability against the owner-father because plaintiff could not prove that at the time permission had been given to the driver to operate the vehicle, the owner knew that his son was not in a condition to operate the vehicle.

In *Robare v. Pekarcik,* 109 Pa. Commw. 87, 530 A.2d 534 (1987), the Commonwealth Court, relying on *Gibson,* held that the required proof for a negligent entrustment claim was that the driver was intoxicated at the time the owner gave him the keys. Similarly, in *Wertz v. Kephart,* 374 Pa. Super. 274, 542 A.2d 1019 (1988), the Superior Court determined that a plaintiff must prove knowledge on the part of a lender of the incompetency of the person to whom the vehicle is entrusted at the time the vehicle is entrusted.

This court has previously addressed the sufficiency of a claim for negligent entrustment in *Hornberger v. Hommel,* 6 D.&C.4th 376 (1990). Therein, the court stated:

"The *Gibson* case both announces the principle of negligent entrustment and circumscribes its application: the knowledge in dispute is incident-specific, not generalized misgivings."

The demurrer admits all relevant facts sufficiently pleaded and all inferences fairly deducible therefrom, but does not admit conclusions of law. In order to be sustained, it must appear with certainty that upon the facts averred, the law will not permit recovery. Although the amount of facts which must be pleaded cannot be set forth with any precision, at a minimum, the pleader must allege precisely the facts upon which his cause of action is based. In a negligence action, the plaintiff must establish the duty, the breach and the injuries suffered by the plaintiff and the causal nexus. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). In the instant case, plaintiffs' allegations constitute bald assertions of presumptive knowledge on the part of Mary Bickhart relating to her son's driving history, as opposed to allegations which state facts that she knew at the time permission had been given to operate the vehicle that Kevin Bickhart was not in a condition to operate a motor vehicle. The court knows of no Pennsylvania case which has recognized a cause of action for negligent entrustment based on a "presumed-to-know" theory. Accordingly, the preliminary objections of defendant Mary Kay Bickhart to Count III of the complaint are granted.

Finally, defendant seeks to strike paragraph 13(h) of the complaint on the basis that it does not meet the requisite specificity set forth in Pa.R.C.P. 1019(a). Paragraph 13(h) alleges negligent conduct by the defendant for "failing to bring his vehicle to a stop *or otherwise [failing to] avoid the accident...*" Defendant objects to this paragraph, and specifically the phrase *"or otherwise [failing to] avoid the accident."* Defendant argues, and we agree,

that if this phrase is permitted to remain he runs the risk of different theories of negligence being advanced during the progression of the case. Rule 1019(a) requires that the material facts on which a cause of action or defense is based shall be stated in a concise and summary form. Applying this procedural rule to paragraph 13(h), it follows that defendant is entitled to know the specific conduct he should have taken to avoid the accident, as opposed to being confronted with a generalized claim of a failure to avoid the accident which arguably could permit the assertion of any act or omission to form the basis of negligent conduct. Insofar as this paragraph fails in stating concise and specific facts, the phrase "or otherwise avoid the accident" will be stricken from paragraph 13(h).

## ORDER

And now, October 14, 1992, upon consideration of defendants Kevin S. Bickhart's and Mary K. Bickhart's preliminary objections to plaintiff's complaint it is hereby ordered:

(1) That the preliminary objection in the form of a motion to strike paragraph 13(h) is hereby granted.

(2) The preliminary objection of defendant Kevin S. Bickhart in the form of a demurrer is considered as having been waived, in that the defendant failed to brief this preliminary objection.

(3) That the preliminary objection of defendant Mary K. Bickhart in the form of demurrer to Count III of the plaintiff's complaint is hereby granted.

(4) That the preliminary objection of defendant Mary K. Bickhart in the form of a motion to strike paragraphs 24(c) and 24(d) is hereby granted, to the extent necessary to do so, given this court's ruling on the demurrer of

defendant Mary K. Bickhart to Count III of the plaintiff's complaint.

(5) The plaintiff shall have 20 days from the date of entry of this order in which to file their first amended complaint.