**Houck v. Barnes Kasson Hospital**

*Kevin P. Foley,* for plaintiff.

*Robin B. Synder,* for defendant Werne.

*Patrick C. Carey,* for defendant Bekele.

*Thomas M. Chairs,* for defendant Barnes Kasson County Hospital.

*Elizabeth A. Giannotti,* for defendants Marian Community Hospital and Mallik.

MINORA, *J.,* June 29, 2010—The issues before the court are defendant Tamrat Bekele M.D.'s preliminary objections to the amended complaint and defendants Marian Community Hospital's and Satish Mallik M.D.'s preliminary objections to the amended complaint.[1]

## FACTUAL HISTORY

This case stems from the medical care and treatment Pamela U. Houck, plaintiff, received after being assaulted by her live-in boyfriend on June 11, 2007. On

---

1. Defendant Barnes Kasson County Hospital filed preliminary objections to the amended complaint on February 25, 2010 and plaintiff filed preliminary objections to defendant Barnes Kasson's preliminary objections to the amended complaint on March 8, 2010. Those matters were not before the court at the time of the oral argument and therefore are not discussed in this memorandum and order.

June 11, 2007 plaintiff was physically assaulted by her live-in boyfriend. She arrived at Barnes Kasson Hospital at around 6:45 p.m. That same evening plaintiff was discharged from Barnes Kasson Hospital and driven home by a Susquehanna Police Department patrolman. On the way home the patrolman took plaintiff to Marian Community Hospital. Plaintiff was seen by Dr. Werne for mental health evaluation at 10 p.m. Plaintiff was involuntarily committed to Marian that evening and given psychotropic medications. Plaintiff was discharged from the psychiatric ward at Marian on June 16, 2007. On June 17, 2007 plaintiff was admitted to United Health Service Hospital, were a CT scan was performed by Dr. Sethi. Plaintiff was diagnosed as suffering from cervical myopathy, C7 radiculopathy, central cord syndrome, C6-7 fracture dislocation, anterolisthesis at C6-7, and perch fact on the left at C6-7. Plaintiff under went surgery on June 23, 2007 to repair these injuries.

## PROCEDURAL HISTORY

Plaintiff instituted this medical malpractice claim against defendants by way of praecipe for writ of summons on May 27, 2009. Plaintiff filed a complaint on July 10, 2009. Plaintiff filed an amended complaint on August 31, 2009. On September 11, 2009 Assistant U.S Attorney G. Michael Thiel, filed a notice of removal pursuant to 28 U.S.C. §2679(d)(2) on the grounds that defendant Richard K. Hacker M.D. was acting within the scope of his employment as an employee of the United States at the time he was alleged to have provided medical care to plaintiff. Judge Kosik of the U.S. District Court for the Middle District of Pennsylvania subsequently dismissed the United States, Richard K.

Hacker M.D., as a party to the suit and remanded the matter back to this court.

Defendant Tamrat Bekele M.D. filed preliminary objections and supporting brief to the amended complaint on December 4, 2009. On December 12, 2009 defendants Marian Community Hospital and Satish Mallik M.D. filed preliminary objections to the amended complaint, and on February 16, 2010 they filed a brief in support of their preliminary objections. Plaintiff submitted a memorandum of law in opposition to defendants Marian Community Hospital's and Satish Mallik M.D.'s preliminary objections to plaintiff's amended complaint. Plaintiff did not file this response with the prothonatary's office; however they did submit a copy to this court. Plaintiff did not file a response to defendant Bekele's preliminary objections. At oral argument they asserted that their defenses to Bekele's preliminary objections were the same argument they put forward in their response to Marian and Mallik's preliminary objections.

Oral argument on Marian Community Hospital's, Mallik's and Bekele's preliminary objections were held on March 8, 2010. This matter is now ripe for disposition.

## LEGAL ARGUMENTS OF THE PARTIES

Defendant Bekele raised two preliminary objections. These are lack of specificity as to paragraphs 88 (a) through (r) of plaintiff's amended complaint, and a request to strike allegations of recklessness on the part of Bekele from the amended complaint because as a matter of law plaintiff's allegations do not rise to the level of such conduct. Bekele's second preliminary objection seeks to strike paragraph 88 (r), which states "other care-

less negligent and/or reckless conduct as may be determined in the course of discovery."

Defendants Marian and Mallik raise three preliminary objections. These are: (1) lack of specificity to the amended complaint specifically paragraphs 85(d),(g), (h), (j), (q), and 97(p) and (hh); (2) demurrer to Count VI of the amended complaint because it does not properly assert corporate liability claims; and (3) Motion for a demurrer regarding plaintiff's claim for punitive damages. Marian and Mallik's third preliminary objection seeks to strike paragraphs 85(q), 97(hh) and 111(p) which state "other careless negligent and/or reckless conduct as may be determined in the course of discovery."

While plaintiff only filed a response to Marian and Mallik's preliminary objections, at oral argument plaintiff's counsel assert the preliminary objections of all three parties were so similar that his brief in response to Marian and Mallik's priliminary objections should be treated as a response to Bekele's preliminary objections as well. We will therefore anaylze Marian and Mallik's preliminary objections first and apply the same rationale to Bekele's preliminary objections.

## LEGAL STANDARD

Preliminary objections are governed by Pa.R.C.P. 1028, "(a) preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . (3) insufficient specificity in a pleading." The Superior Court of Pennsylvania notes that the question presented by Pa.R.C.P. 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense or [if it] informs the defendant with

accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006) (citing *Ammlung v. City of Chester,* 224 Pa. Super. 47, 59 n.36, 302 A.2d 491, 498 n.36 (1973) (quoting 1 Goodrich-Amram §1017(b)-9)).

The trial court has broad discretion in determining the amount of detail that must be pleaded since this is not something capable of precise measurement. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677, 681(1978), 2 Goodrich Amram 2d §1019(a):9 (database updated May 2010). A complaint is sufficiently specific if it provides enough facts to enable the defendant to frame a proper answer and prepare a defense. *Boyd v. Rockwood Area School District,* 907 A.2d 1157, 1168 (Pa. Commw. 2006). In determining whether a particular paragraph in a complaint is stated with the necessary specificity, such paragraph must be read in context with all the allegations in the complaint. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission,* 950 A.2d 1120 (Pa. Commw. 2008).

"Preliminary objections in the form of motions to strike items in a complaint under Pa.R.C.P. 1028(a)(3) can be for lack of specificity of pleading pursuant to Pa.R.C.P. 1019(a)." *Moore v. Dozwonczyk,* no. 07 CV 2074, Minora J., (Oct. 10, 2008) (Lacka. Cty.). Pa.R.C.P. 1019(a) states "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know

how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products Inc.,* 868 A.2d 624, 635 (Pa. Commw. 2005).

The complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim. *Cardenas v. Schober,* 783 A.2d 317, 325 (Pa. Super. 2001). It is not necessary that the plaintiff identify the specific legal theory underlying the complaint, as it is the court's duty to discover from the facts alleged in a complaint the cause of action, if any, stated therein. *Id.* Further, the Rules of Civil Procedure are to be liberally interpreted. See Pa.R.C.P. 126.

The Commonwealth Court provided the guidelines for examining legal insufficiency of a pleading (demurrer) in *Richardson v. Beard,* 942 A.2d 911, 913 (Pa. Commw. 2008):

"In considering preliminary objections, we must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Sheffield v. Department of Corrections,* 894 A.2d 836 (Pa. Commw. 2006). *Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Id.* We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Myers v. Ridge,* 712 A.2d 791 (Pa. Commw. 1998)." (emphasis added)

"Preliminary objections in the nature of [a] demurrer test the legal sufficiency of the plaintiff's complaint." *Sexton v. FNC Bank,* 792 A.2d 602, 604 (Pa. Super. 2002) (citation omitted), *appeal denied,* 572 Pa. 725, 814 A.2d

678 (2002). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Mistick Inc. v. Northwestern National Casualty Company,* 806 A.2d 39, 42 (Pa. Super. 2002). (citation omitted) "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." (citation omitted) *Cooper v. Frankford Health Care System Inc.,* 960 A.2d 134, 143 (Pa. Super. 2008). Any doubt as to the legal sufficiency of the complaint should be resolved in favor of overruling the demurrer. *Kane v. State Farm Fire & Casualty Company,* 841 A.2d 1038 (Pa. Super. 2003).

## LEGAL ANALYSIS

*1. Defendants Marian and Mallik's Preliminary Objection of Lack of Specificity to Paragraphs 85(d), (g), (h), (j), (q), 97(p) (hh), and 111(p) of Plaintiff's Amended Complaint*

Upon viewing the complaint as a whole it is apparent that plaintiff's amended complaint, specifically paragraphs 85(d), (g), (h), (j) and 97(p), meet the specificity requirements of Pa.R.C.P. 1028(a)(3) and 1019(a). Paragraph 85(d), (g), (h) and (j) allege how Mallik failed to provide adequate medical treatment. They do so by alleging Mallik failed to order appropriate testing, to request appropriate consultation, refer to a higher level of care, and arrange for appropriate follow-up. Paragraph 97(p) alleges Marian was negligent and breached their duty to the plaintiff by allowing a culture of lack of com-

munication to exist and pervade the hospital and also to exist among medical staff to the detriment of the plaintiff.

We are reminded that a case is not fully tried at the preliminary objection phase of litigation. There are more appropriate stages through the course of the civil litigation process when the parties will be given an opportunity to flesh out and address in more detail the alleged factual issues. Paragraph 85 and the subparagraphs adequately put Mallik on notice of the alleged violations he made which give raise to their medical malpractice claim. While this paragraph and subparagraphs are not a long recitation of the plaintiffs evidence, absolute specificity is not needed at this stage of the pleadings. *Moore, supra.*

Likewise paragraph 97(p) while not an in depth recitation of plaintiff's evidence against Marian, it does sufficiently state the claim which plaintiff is pursuing. When paragraph 97 and the subparagraphs are read as a whole it is apparent that plaintiff is asserting a corporate negligence claim against Marian, and that this corporate negligence claim is in part based upon the lack of communication which occurred between the employees and agents of Marian. This is sufficient to put Marian on notice of what they need to prepare their defense.

Paragraphs 85(q), 97(hh), and 111(p) are too vague and ambiguous. While absolute specificity is not required, the court is required to eliminate broad ambiguous allegations from the complaint. See *Rambo, supra,* 906 A.2d at 1236 (the complaint should inform the targeted defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense). Paragraphs 85(a), 97(hh), and 111(p) state

"other careless negligent and/or reckless conduct as may be determined in the course of discovery." This language states no claim whatsoever and could allow for an unlimited amount of claims to be introduced by the plaintiff by ambush at a later date. Pennsylvania is a fact pleading state and these paragraphs make broad ambiguous allegations with insufficient notice to a defendant on how to prepare their defense. *McShea v. City of Philadelphia,* 995 A.2d 334 (Pa. 2010).

Therefore, defendants Marian and Mallik's preliminary objection for lack of specificity is denied in part and granted in part. An appropriate order will follow.

*2. Defendant Bekele's Preliminary Objection of Lack of Specificity As to Paragraphs 88(a) thru (r) of Plaintiff's Amended Complaint*

Paragraph 88(a) thru (q) alleged Bekele failed to obtain a proper history of plaintiff, conduct an adequate physical examination of plaintiff, order appropriate testing, request appropriate consultation, refer to a high level of care, arrange for appropriate follow-up, provide adequate discharge instructions, follow up on specialist's recommendation, and failed evaluate the primary reasons for plaintiffs consultation.

Again after reviewing the complaint as a whole it is apparent that plaintiff's amended complaint meets the specificity requirements of Pa.R.C.P. 1028(a)(3) and 1019(a). Paragraph 88 and the subparagraphs adequately put Bekele on notice of the alleged violations he made which give raise to her medical malpractice claim, and how his actions allegedly fell below the required standard of care. While this paragraph and subparagraphs are not

a long recitation of the plaintiff's evidence, absolute specificity is not needed at this stage of the pleadings. *Moore, supra.*

However, again paragraph 88(r) is identical to paragraphs 85(q), 97(hh), and 111(p). It is a broad ambiguous allegation, which could allow for an unlimited amount of claims to be introduced by the plaintiff at a later date. Therefore defendant Bekele's preliminary objection for lack of specificity is denied in part and granted in part. An appropriate order will follow.

### 3. *Defendant Marian's Preliminary Objection of Demurrer to Count VI of the Amended Complaint Because It Does Not Properly Assert Corporate Liability Claims*

Marian argues that plaintiff's amended complaint alleges direct negligence claims against Marian under Count VI, that are separated from plaintiff's claims of corporate liability (Count VIII) and vicarious liability (Count X) against Marian. Marian points to paragraph 97(b), (d), (e), (g), (h), (i), (j), (w), (y) and (z) and requests the court to dismiss these sections of the amended complaint. Plaintiff asserts paragraph 97 and the subparagraphs properly assert a corporate negligence claim, specifically that Marian was negligent in supervising the quality of the medical care or lack thereof which plaintiff received.

Paragraph 97 and the above listed subparagraphs state:

"Defendant, Marian Community Hospital, and its agents, employees, representatives and/or ostensible agents were careless and negligent and breached their duty to the plaintiff in one or more of the following ways:

"b. Failing to timely and with appropriate frequency determine the condition of the plaintiff;

"d. Failing to timely and with appropriate frequency notify other hospital staff members and/or representatives of the worsening condition of the plaintiff;

"e. Failing to notify appropriate hospital officials, medical staff members, department heads or administrative representatives of the circumstances that existed with respect to the plaintiff when defendants Mallik, Bekele and/or Werne and each of them, did not adequately respond to the plaintiff's worsening condition.

"g. Failing to transfer the plaintiff to a medical facility that had physicians available to perform the necessary diagnostic procedures on the plaintiff;

"h. Failing to inform the plaintiff of her worsening condition;

"i. Failing to follow prescribed rules, regulations and policies and acceptable ouedioal standars and procedures in the care of the plaintiff;

"j. Failing to actively and continually review the treatment of the plaintiff, and the actions or inactions of defendants Mallik, Bekele and/or Werne and each of them, concerning the same;

"w. Failing to accurately determine how the plaintiff received such severe trauma to her back and neck;

"y. Failing to properly evaluate, diagnose and treat plaintiff's neck injury;

"z. Failing to follow their own prescribed rules, regulations, policies and accepted medical standards and

procedures in requiring review of patient hospital records in the care and treatment of the plaintiff."

Under the doctrine of corporate negligence a hospital is directly liable if it fails to uphold any one of the following four duties: "(1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients." *Brodowski v. Ryave,* 885 A.2d 1045, 1056 (Pa. Super. 2005), quoting *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991). These duties run directly from the hospital to the patient. *Id.* (citation omitted) "An injured party need not rely on the negligence of a third-party, such as a doctor or nurse, to establish a cause of action for corporate negligence." *Id.*

Marian is asking the court to read each subparagraph individually, however we must view the subparagraphs in the proper context and read the complaint as a whole. *Unified Sportsmen, supra.* As a whole, paragraph 97 is alleging not that the hospital failed to act, but that it's agents, employees, representatives and/or ostensible agents failed to perform the described actions. These allegations go directly to the third *Thomson v. Nason, (supra)* duty to oversee all persons who practice medicine within its walls as to patient care. Further subparagraphs (e), (f), (i), (z) go to Marian's duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients, the fourth *Thomson v. Nason (supra)* duty.

Taking as true all well plead facts and inferences we are left to conclude that paragraph 97(b), (d), (e), (g), (h), (i), (j), (w), (y) and (z) properly detail and assert a claim for corporate negligence against Marian. These paragraphs make allegations which deemed as true could support a claim of corporate negligence. At this stage of the litigation process, we must allow the plaintiff to proceed with his claim.

Therefore, defendant Marian's preliminary objection of demurrer to Count VI of the amended complaint because it does not properly assert corporate liability claims is denied. An appropriate order follows.

### 4. Defendants Marian and Mallik's Preliminary Objection of Demurrer To Strike Paragraphs 85(q), 97(hh) and 111(p)

As this court has already decided to strike paragraphs 85(q), 97(hh), and 111(p) there is no need to decide this issue. Therefore, this preliminary objection is deemed moot.

### 5. Defendant Bekele's Preliminary Objection To Strike Paragraph 88(r)

As this court has already decided to strike paragraph 88(r) there is no need to decide this issue. Therefore, this preliminary objection is deemed moot.

### ORDER

And now, June 29, 2010, upon consideration of the pleadings and their supporting briefs, it is hereby ordered as follows:

76

(1) Defendants Marian Community Hospital's and Satish Mallik M.D.'s preliminary objection of lack of specificity to paragraphs 85(d), (g), (h), (j), (q) and 97(p) and (hh) of plaintiff's amended complaint is denied in part and granted in part. Paragraphs 85(q) and 97(hh) are stricken from the amended complaint.

(2) Defendant Tamrat Bekele M.D.'s preliminary objection of lack of specificity as to paragraphs 88(a) through (r) of plaintiff's amended complaint is denied in part and granted in part. Paragraph 88(r) is stricken from the amended complaint.

(3) Defendant Marian Community Hospital's preliminary objection of demurrer to Count VI of the amended complaint because it does not properly assert corporate liability claims is denied.

(4) Defendants Marian Community Hospital's and Satish Mallik M.D.'s preliminary objection to strike paragraphs 85(q), 97(hh) and 111(p) is deemed moot.

(5) Defendant Tamrat Bekele M.D.'s preliminary objection to strike paragraph 88(r) is deemed moot.