ZULICK, J.,
This case comes before the court on defendant Penn Realty Settlement Services, Inc.’s (Penn Realty) preliminary objections to Coastal Environmental, Inc.’s (Coastal) amended complaint. Coastal filed a complaint against Penn Realty seeking compensatory damages for breach of contract and negligent misrepresentation on August 19, 2014. Following receipt of Penn Realty’s preliminary objections, Coastal filed an amended complaint on September 29, 2014. Penn Realty again filed preliminary objections.
Coastal alleges in its amended complaint that Coastal engaged Penn Realty to prepare deeds transferring two of Coastal’s lots in the Pocono Haven subdivision to separate grantees. Penn Realty instead prepared deeds that transferred the entire Pocono Haven subdivision, including lots not owned by Coastal, to each of these grantees.
Coastal further alleges that Penn Realty attempted to correct its error by recording corrective deeds from Coastal to each grantee. Penn Realty represented that these corrective deeds would be the proper means to correct the error but Penn Realty did not first obtain a reconveyance of the improperly conveyed lots from the grantees. Coastal then had to expend fees and court costs to pursue quiet title litigation against the grantees.
Penn Realty filed preliminary objections on October 17, 2014, stating that Coastal failed to plead its amended *18 complaint with sufficient specificity; that the negligent misrepresentation claim was barred under the gist of the action doctrine; and, that attorney’s fees were not proper damages. Both parties submitted briefs, and arguments were held in this court on December 1, 2014.
The facts underlying these preliminary objections as alleged in the amended complaint are as follows. On November 21, 2003 Coastal acquired several lots in Pocono Haven, Pocono Township by deed from Raintree Homes, Inc. On November 24, 2003, Coastal delivered a deed at closing to Tina Marie Bearden, grantee, in which Coastal intended to sell Ms. Bearden Lot 33, Section E of Pocono Haven. Coastal engaged Penn Realty as settlement agent to prepare the deed; however, unbeknownst to Coastal at the time, Penn Realty mistakenly included a description of the entire Pocono Haven subdivision in the deed delivered to Tina Marie Bearden. This deed was recorded on December 22, 2003.
Another real estate closing was held on December 26, 2003 in which Penn Realty was again the settlement agent, and in which Coastal intended to transfer Lot 32, Section D of Pocono Haven to Purchasers Carlos Rivera and Grace M. Reyes-Rivera. Again, Penn Realty mistakenly deeded the entire Pocono Haven subdivision to Carlos Rivera and Grace M. Reyes-Rivera instead of a single lot. This deed was recorded on February 4, 2004.
These errors were later detected and brought to Penn Realty’s attention. Perm Realty prepared corrective deeds from Coastal to the grantees, conveying only the lot which should have been the subject of the original deed. The *19 corrective deed for Ms. Bearden’s property was dated September 23, 2004 and was recorded on November 5, 2004, while the corrective deed for Mr. Rivera and Ms. Reyes-Rivera’s property was dated November 2,2004 and recorded on November 5, 2004. Penn Realty did not first arrange for a reconveyance of the mistakenly conveyed lots before these deeds were recorded; thus, the conveyancing error was not resolved by these corrective deeds.
Coastal discovered this error in 2012, when it intended to transfer Lot 12, Section D of Pocono Haven to another purchaser. A title search revealed that Coastal was not the owner of the lot.
Coastal filed quiet title actions against each of the purchasers, resulting in an order quieting title against Ms. Bearden and an agreement with Mr. Rivera and Ms. Reyes-Rivera to transfer the erroneously deeded properties back to Coastal. Coastal closed on the sale of Lot 12, Section D on March 18, 2014, more than one year after the original closing date of December 29, 2012.
Coastal now claims that Penn Realty breached its original contracts to prepare the deeds for the property transfers and negligently misrepresented that the corrective deeds resolved all issues surrounding title. Coastal demands recovery for the costs and attorney’s fees incurred in resolving the title issues with the various purchasers.
Penn Realty has moved to strike paragraphs 29, 30, 33, 40, 41, and 43 of Coastal’s amended complaint pursuant to Pa.R.C.P. 1028(a)(2) and (3), asserting that these *20 paragraphs contain “general averments of negligence” and “all-encompassing language.”
A pleading must aver the material facts on which a cause of action is based, in a concise and summary form. See Pa.R.C.P. 1019(a). “The purpose of 1019(a) is to require the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case.” Baker v. Rangos, 324 A.2d 498, 505 (Pa. Super. 1974). “’Material facts’ are ‘ultimate facts,’ i.e., those facts essential to support the claim.” Id. at 505. “Allegations will withstand challenge under 1019(a) if (1) they contain averments of all the facts the plaintiff will eventually have to prove in order to recover...and (2) they are sufficiently specific so as to enable defendant to prepare his defense.” Id. at 505-06. “The lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement.” Pike County Hotel Corp. v. Kiefer, 396 A.2d 677, 681 (Pa. Super. 1978). Finally, “[i]n determining whether a particular paragraph in a complaint has been stated with the necessary specificity, such paragraph must be read in context with all other allegations in that complaint.” Yacoub v. Lehigh Valley Medical Associates, P.C., 805 A.2d 579, 589 (Pa. Super. 2002).
Penn Realty’s first objection is that the allegations in paragraphs 29, 30, 33, 40, 41, and 43 amount to general allegations of negligence. A review of these paragraphs however reveals that the term “negligence” is not mentioned; they pertain to breach of contract. Coastal alleges that two oral agreements were made to have Penn *21 Realty perform conveyancing services in the transactions with Tina Marie Bearden and Carlos Rivera and Grace M. Reyes-Rivera. Penn Realty contends that Coastal’s allegations of breach of contract are unclear.
The material facts of a sufficiently pleaded breach of contract claim need only establish that a contract existed, that a party failed to perform its duties under the contract and that as a result of such non-performance, the plaintiff suffered damages. Sullivan v. Chartwell Investment Partners, LP, 873 A.2d 710, 716 (Pa. Super. 2005). Coastal has provided sufficient information about the parties’ alleged contract here. Penn Realty was engaged through an oral contract to prepare a deed for Coastal to convey one lot to the purchaser in each transaction. The amended complaint alleges that the Bearden closing occurred on or around November 24, 2003, amended complaint, paragraph 35. The Rivera closing occurred on or around December 26,2003. Each paragraph, read in the context of the entirety of the complaint, pleads the facts with sufficient specificity.
Second, Penn Realty objects to the claim for negligent misrepresentation, citing the gist of the action doctrine. The standard for demurrer is “whether, on the facts averred, the law says with certainty that no recovery is possible.” Santiago v. Pennsylvania Nat. Mat. Cas. Ins. Co., 613 A.2d 1235, 1238 (Pa. Super. 1992). “Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.” Id.
The gist of the action doctrine, never officially adopted *22 by our Pennsylvania Supreme Court, “is designed to maintain the conceptual distinction between breach of contract and tort claims.” eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. 2002).
Although they derive from a common origin, distinct differences between civil actions for tort and contract breach have developed at common law. Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.... To permit a promisee to sue his promisor in tort for breaches of contract inter se would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions.
Id. at 14.
The gist of the action is “concerned with the nature of the action as a whole.” Id. at 15.
[Pjersuasive authority interpreting Pennsylvania law has restated the gist of the action doctrine in a number of similar ways. These courts have held that the doctrine bars tort claims: (1) arising solely from a contract between the parties..., (2) where the duties allegedly breached were created and grounded in the contract itself...; (3) where the liability stems from a contract;... or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract.
Id. at 19.
*23 Fraud in the inducement arises in a contract setting where the contract is collateral to the tort claim, and the gist of the action doctrine rarely precludes this type of claim. See generally Air Products and Chemicals, Inc. v. Eaton Metal Products Co., 256 F.Supp.2d 329 (E.D.Pa. 2003). Hart v. Arnold, 884 A.2d 316, 340 (Pa. Super. 2005).
Here, Coastal alleges that Penn Realty negligently misrepresented that the corrective deeds would clear Coastal’s title. This claim does not allege fraud in the inducement. Rather, the corrective deeds were Penn Realty’s attempts to remedy its earlier alleged breaches of contract. While misrepresentations not involving fraud in the inducement can be permitted under gist of the action, see First American Bank v. Brand, 50 Pa. D&C 4th 329, at 4 (2000); American Guarantee and Liability Ins. Co. v. Fojanini, 90 F.Supp.2d 615, 622-23 (E.D.Pa. 2000), the question is whether the underlying contract is collateral to the tort claim.
Penn Realty’s representations to Coastal followed its conveyancing error. The underlying contracts were not collateral to the action, as is required under the gist of the action doctrine. The corrective deeds were Penn Realty’s attempt to comply with its contractual obligation. The duty to correct the deeds was imposed by the parties’ prior contractual relationships rather than tort. See Penn. Manufacturers’ Ass’n Ins. Co. v. L.B. Smith, Inc., 831 A.2d 1178, 1182 (Pa. Super. 2003) (“[Negligence in repairing the [machinery] did not cause the original defect and mechanical problems. The breach of contract *24 and negligence claim arose from contractual obligations undertaken by LBS in relation to the sale and subsequent attempts to repair the [machinery].”). Thus, the gist of the action doctrine bars Coastal’s negligent misrepresentation claim.
Finally, Penn Realty objects to Coastal’s request for costs and attorney’s fees, citing the American Rule, which severely limits the award of attorney’s fees. However, Penn Realty has misunderstood the relief sought in Coastal’s amended complaint. Coastal is demanding past attorney’s fees and court costs it incurred in quiet title actions to correct Penn Realty’s conveyancing error. Coastal has not demanded attorney’s fees and court costs for the present action. The fees and costs demanded amount to compensatory damages and will be permitted.
ORDER
And now, this 8th day of January, 2015, upon consideration of defendant Penn Realty Settlement Services, Inc.’s preliminary objections and the briefs and arguments of both parties, it is ordered as follows:
1. Defendant’s motion to strike plaintiff’s complaint for lack of specificity is denied;
2. Defendant’s demurrer to coastal environmental, Inc.’s negligent misrepresentation claim as being barred by the gist of the action doctrine is granted and Count II — negligent misrepresentation is stricken;
3. Defendant’s motion to strike plaintiff’s requests for costs and attorney’s fees is denied;
*25 4. Coastal Environmental, Inc. is given twenty days to file a second amended complaint.